FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

2022 FEB -8  PM 3: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| **MICHAEL SEKLECKI**, *on behalf of himself and his minor child M.S.*, | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-10155-PBS |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.*, | District Judge Patti Saris |
| Defendants. | |

## PLAINTIFF'S TIME-SENSITIVE MOTION FOR PRELIMINARY INJUNCTION AGAINST DEFENDANTS AMERICAN & UNITED

COMES NOW plaintiff, *pro se*, and moves for an order preliminarily enjoining Defendants American Airlines and Southwest Airlines – collectively "the Airline Defendants" – from requiring that any passenger wear a face mask, especially customers who have medical conditions making it unsafe to don a face covering. This motion requires time-sensitive relief by **FRIDAY, FEB. 18, 2022**, because my son and I are scheduled to fly from Florida to Boston on Feb. 21 or 22 for my son's Feb. 23 appointment at Massachusetts General Hospital and Feb. 24 appointment at Boston Children's Hospital. To ensure the best choice of prices and schedules, I require an injunction against both airlines since I don't often book my family's tickets until a few days in advance.

I submitted Feb. 3 a Time-Sensitive Motion for Preliminary Injunction Against Defendants CDC & HHS asking the Court to enjoin the Federal Defendants from enforcing the Federal Transportation Mask Mandate ("FTMM") worldwide. Doc. ___. In the Proposed Orders I submitted, I asked the Court to enjoin not only CDC and HHS but also the Transportation Security Administration ("TSA") and "all airlines, and other

1

transportation providers regulated by the Federal Transportation Mask Mandate worldwide ... from requiring that any passenger or employee wear a face covering unless such a such a restriction is imposed by valid state or local law." *Id.*

Should the Court issue an order using the language I proposed, there would be no need for it to promptly act on this Motion for PI because the Airline Defendants would be blocked from forcing my son and me to obstruct our oxygen intake. However, I'm cognizant of the possibility that Court might: 1) deny my Motion for PI Against Defendants CDC & HHS; or 2) grant the motion but not apply the injunction to the Airline Defendants. Therefore I file this second Motion for PI to ensure none of the Airline Defendants may refuse us transportation for not wearing a face covering.

## I. STATEMENT OF FACTS

The facts of this case are laid out in the Complaint. Doc. 1. I draw the Court's attention to these key facts: 1) My son and I can't tolerate wearing a face mask: *Id.* at ¶¶ 1-8; 2) We must fly often for my son's medical treatment: *Id.* at ¶¶ 9-13; 3) Our inability to obtain mask exemptions from multiple airlines and being restricted from flying because of the FTMM: *Id.* at ¶¶ 14-46; 4) Our future travel plans: *Id.* at ¶¶ 47-50; 5) Details about the FTMM: *Id.* at ¶¶ 66-86; 6) Congress has never enacted a mask mandate: *Id.* at ¶¶ 87-90; 7) Airplane cabins pose no special risk for COVID-19 transmission: *Id.* at ¶¶ 104-123; 8) Masks are totally ineffective at reducing COVID-19 spread but hurt our health in at least 68 ways: *Id.* at ¶¶ 124-189; 9) The Airline Defendants' mask policies have created chaos in the sky, posing a serious risk to transportation security: *Id.* at ¶¶ 201-236; 10) The Airline Defendants' mask policies constitute practicing medicine without a license: *Id.* at ¶¶ 237-274; 11) Many disabled passengers can't wear masks: *Id.* at ¶¶ 311-315; 12) The Airline Defendants have conspired to interfere with the civil rights of the disabled: *Id.* at ¶¶ 321-367; 13) The Airline Defendants' mask policies since the FTMM took effect Feb. 1, 2021: *Id.* at ¶¶ 368-394; 14) The Airline Defendants receive federal funding: *Id.* at ¶¶ 395-407; 15) Airlines continue discriminating against the disabled including my son and myself by rejecting nearly every mask-exemption demand: *Id.*

at ¶¶ 408-443; and 16) the U.S. Department of Transportation ("DOT") refuses to enforce the Air Carrier Access Act ("ACAA") during the COVID-19 pandemic: *Id.* at ¶¶ 444-494.

## II. LEGAL STANDARD

I discussed the legal standard for obtaining a PI in my Motion for Preliminary Injunction Against Defendants CDC & HHS. Doc. ___ at 2.

## III. ARGUMENT

**A. There is a strong likelihood I will ultimately prevail on the merits of my claims.**

I have a substantial likelihood of success on the merits. The Airline Defendants' illegal discriminatory and retaliatory conduct is in clear violation of several laws and regulations. This Court must intervene to put an immediate stop to their misconduct.

**1. The Airline Defendants can't rely on the Federal Transportation Mask Mandate to defend their policies because the FTMM is *ultra vires*. Even if the Court believes it's valid, medical exemptions are required.**

Due to our medical issues, my son and I can't tolerate wearing a face mask. Doc. 1 at ¶¶ 1-8. My son's doctor has exempted him from mask requirements. *Id.* at Ex. 1. But the Airline Defendants refuse to honor his physician's determination. They will no doubt throw up their hands and assert to the Court "We're just following the CDC FTMM! You can't fault us for obeying a government dictate." *Au contraire*. The FTMM is unlawful, therefore the Airline Defendants can't rely on it. I've already argued this point extensively in my Motion for Preliminary Injunction Against Defendants CDC & HHS. I incorporate those arguments by reference. Doc. ___ at 2-17.

Even if it's deemed valid, the FTMM requires that airlines grant exemptions to passengers such as my son and myself with medical conditions who can't safely wear masks. CDC's FTMM "Order exempts the following categories of persons: ... A person with a disability who cannot wear a mask, or cannot safely wear a mask, because of the disability as defined by the Americans with Disabilities Act..." Doc. 1 at Ex.

3

57. And TSA's order enforcing the FTMM also "exempts the following categories of persons from wearing masks: … People with disabilities who cannot wear a mask, or cannot safely wear a mask, because of the disability as defined by the Americans with Disabilities Act (42 U.S.C. 12101 *et seq.*)." TSA Health Directive SD 1544-21-02C; Ex. 1.

The public policy of the United States is that airlines must exempt passengers with a disability such as my son and myself who can't safety wear a mask because of our medical conditions. But the Airline Defendants are discriminating against travelers who medically can't wear a face covering with so many onerous procedures that getting an exemption is nearly impossible. All of my medical waivers have been denied and so have many of my son's. Doc. 1 at ¶¶ 14-46.

If the Airline Defendants are permitted to continue refusing transportation to disabled customers who can't wear a face mask, there would be no end to what they could do to further discriminate against those with other disabilities. The airlines could, for example, stop providing wheelchairs for mobility-impaired customers since this is a costly service. They could even flat-out ban anyone who can't walk from flying.

**2. Refusing our medical exemptions represents discrimination outlawed by the Rehabilitation Act.**

Recipients of federal funds are prohibited from discriminating against the disabled. The Airline Defendants have receive federal funds from Congress through several COVID-19 appropriation bills. As a condition of receiving such funds, they must certify that they won't discriminate against the disabled and that they will obey the Rehabilitation Act ("RA") and the ACAA, *inter alia*.

> "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 USC § 794(a). Furthermore, "[T]he term 'program or activity' means all of the operations of … an entire corporation, partnership, or other private organization, or an entire sole proprietorship — (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole…" 29 USC § 794(b).

Courts have long recognized a private right of action to sue for violations of the RA.

4

> "The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d *et seq*.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title." 29 USC § 794a(2).

In addition to monetary damages, a recipient of federal funds is also subject to suit for injunctive relief to ensure it obeys the RA. This gives the Court authority to enjoin the Airline Defendants from prohibiting my 4-year-old son and me from flying because we can't medically tolerate wearing a face mask, or to condition our transportation on placing an experimental medical device over our nose and mouth, causing severe anxiety and sensory processing disorders. Due to his Autism Spectrum Disorder, M.S. often flat-out refuses to cover his face and there is nothing as a father I can do about it.

I have objected numerous times to the Airline Defendants about their unlawful mask policies as well as the carriers' refusal to honor our mask exemption. I've also filed numerous complaints with DOT. Doc. 1 at ¶¶ 9-58. Yet not a single airline nor DOT has done anything about it, forcing me to have to bring this lawsuit and now seek a preliminary injunction.

**3. The Airline Defendants' mask policies violate numerous provisions of the Air Carrier Access Act, which may be enforced directly and/or through the Rehabilitation Act and conspiracy-to-interfere-with-civil-rights statute.**

Congress passed the ACAA in 1986 to protect airline travelers from discrimination because of our medical conditions.

> "In providing air transportation, an air carrier … may not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities. (2) the individual has a record of such an impairment. (3) the individual is regarded as having such an impairment." 49 USC § 41705(a).

The rights of the disabled to be free from discrimination in all facets of society were later articulated by Congress in the Americans with Disabilities Act. Although the ADA does not apply to airlines, its statutory purpose should be used in interpreting the RA and ACAA. 42 USC §§ 12101-12102.

The Airline Defendants will no doubt attempt to argue there is no private right of action available to enforce the ACAA. Although some circuits have made such a holding, I haven't found any First Circuit caselaw on this point. This could be an issue of first impression in this circuit. But even if the Court were to find that under normal circumstances, there is no private right of action under the ACAA because a disabled person discriminated against by an airline may file a complaint with DOT, these are no ordinary circumstances. Throughout the entire COVID-19 pandemic, DOT has refused its statutory duty to protect the disabled from discrimination by airlines. Doc. 1 at ¶¶ 444-494. In an unprecedented move, DOT has even given the Airline Defendants guidance that *condones* their illegal behavior. Doc. 1 at Ex. 51.

Because the agency charged by Congress to enforce the rights of passengers with disabilities has failed to protect my son, me, and millions of others similarly situated, our only recourse is a private suit in this Court to ensure the Airline Defendants cease and desist from their unlawful conduct. The Court should declare that there is a private right of action to enforce the ACAA when the regulatory agency tasked with that responsibility (DOT) not only does nothing, but actually tells the regulated parties (airlines) they are free to break the law with no consequences. *Id*. at Exs. 51 & 223.

Congress passes civil-rights laws to protect classes of people subject to discrimination – including the disabled. If the executive department tasked with enforcing the statute neglects its duty, Congress intends for those illegally discriminated against to have a remedy – and in this case, the only remedy is a private lawsuit. However, should the Court conclude DOT's collusion with the Airline Defendants to defeat Congress' intent in protecting the disabled from discrimination in air transportation still doesn't create a private right of action under the ACAA itself, the ACAA regulations may be enforced via the RA and the conspiracy-to-interfere-with-civil-rights statute.

The evidence is indisputable that the Airline Defendants since Summer 2020 have illegally discriminated against millions of flyers with disabilities by refusing to grant any mask exemptions and/or requiring such an onerous exemption process that makes it impossible for those of us medically unable to cover our

face to obtain a waiver. The disabled are essentially banned from using the nation's commercial aviation system unless we don a mask, creating a danger to our health.

Because DOT hasn't promulgated specific RA regulations for the airlines it regulates since most of them usually don't receive federal funds, the Court must use the ACAA regulations as DOT's requirements to enforce the nondiscrimination provisions of the RA, which has long had a recognized private right to sue for money and injunctive relief. Likewise the ACAA regulations must be looked at when the Court considers the Airline Defendants' conspiracy to forbid the disabled who can't wear masks from flying. 42 USC § 1985(3).

The Airline Defendants will almost certainly lie to this Court by claiming medical exemptions to their mask policies are offered. But as I explained in detail in the Complaint, the Airline Defendants violate the ACAA by requiring numerous hurdles for a disabled person to jump through that aren't allowed under DOT regs (14 CFR Part 382), making it pretty much impossible for anyone with a medical condition who can't tolerate wearing a mask to get such an exemption. I've applied for mask waivers many times and been denied. My son has been granted a waiver on some flights but not others.

> "The Navy provides a religious accommodation process, but by all accounts, it is theater. … It merely rubber stamps each denial. … Religious exemptions to the vaccine requirement are virtually non-existent. … the record indicates the denial of each request is predetermined. As a result, Plaintiffs need not wait for the Navy to engage in an empty formality. … The Court finds that exhaustion is futile and will not provide complete relief… The facts overwhelmingly indicate that the Navy will deny the religious accommodations. … In essence, the Plaintiffs' requests are denied the moment they begin. … Plaintiffs need not exhaust military remedies when doing so would be futile. … That the Navy has predetermined denial of the religious accommodations may indicate that the administrative process is both inadequate and futile. … Thus, the available administrative remedies are inadequate. … The record overwhelmingly demonstrates that the Navy's religious accommodation process is an exercise in futility." *U.S. Navy SEALs 1-26 v. Biden*, No. 4:21-cv-1236 (N.D. Tex. Jan. 3, 2022) (enjoining Navy's vaccine mandate).

Just like the Navy's automatic denial of requests for vaccine exemptions, the Airline Defendants rubber-stamp every demand for a mask waiver "DENIED," as has occurred to me on numerous occasions, making it a futile gesture to seek a nonexistent exemption.

**a. The Airline Defendants may not require passengers not known to have a communicable disease to wear a face covering.**

The Airline Defendants require all passengers to don a face mask or be refused transportation due to their absurd speculation that everyone has COVID-19. However, the ACAA spells out specific procedures for dealing with airline passengers who are *known* to have a communicable disease. Pure conjecture that every passenger is infected is not permitted.

Airlines are prohibited from requiring that a passenger wear a face covering or refuse him/her transportation unless they determine that the passenger "has" a communicable disease and poses a "direct threat" to other passengers and the flight crew. 14 CFR § 382.21. But the Airline Defendants' rules illegally assume every single traveler is positive for COVID-19. This violates the regulation that "In determining whether an individual poses a direct threat, you must make an individualized assessment." 14 CFR § 382.19(c)(1). *See* Count 16. Doc. 1 at ¶¶ 644-650.

**b. The Airline Defendants, in refusing to grant mask exemptions, refuse transportation solely on the basis of a passenger's disability.**

The Airline Defendants refuse to carry disabled passengers who can't safely wear a mask. The only alternative is to wear a mask to the detriment of our health. "As a carrier, you must not refuse to provide transportation to a passenger with a disability on the basis of his or her disability, except as specifically permitted by this part." 14 CFR § 382.19(a). No federal law or regulation allows airlines to refuse transportation because a passenger can't wear a face covering. DOT found Defendant Southwest (as well as JetBlue Airways) violated 14 CFR § 382.19 by refusing to grant any medical exemptions. Doc. 1 at Ex. 223. However, DOT did not penalize the airlines for their illegal conduct.

**c. The Airline Defendants require advance notice by passengers who can't wear a mask, but this is explicitly forbidden.**

8

The Airline Defendants' policies requiring advance notice to seek a mask waiver unlawfully discriminate against the disabled. The requirement is three days notice for American and seven days for Southwest. However, "[Y]ou must not require a passenger with a disability to provide advance notice of the fact that he or she is traveling on a flight." 14 CFR § 382.25.

Because my son has frequent out-of-state medical appointments and these sometimes change, I do not book airplane tickets until a few days prior to departure. This means we can rarely obtain a mask exemption from any of the Airline Defendants because they both illegally require advance notice. The Airline Defendants' advance-notice policy discriminates against the disabled by forcing us to book a ticket a certain number of days in advance, a policy that doesn't apply to nondisabled customers. This precludes the disabled who can't safely wear a mask from having the ability to book a ticket within a few days of departure, which limits the ability to travel for work obligations and emergencies such as specialized healthcare or a death in the family.

**d. Defendant Southwest illegally requires a medical certificate from disabled passengers who ask for a mask exemption.**

Southwest requires customers to present a medical certificate from their physician as part of its mask-exemption process. However, airlines are prohibited from demanding medical certificates except in limited circumstances:

> "(a) Except as provided in this section, you must not require a passenger with a disability to have a medical certificate as a condition for being provided transportation. (b)(1) You may require a medical certificate for a passenger with a disability — (i) Who is traveling in a stretcher or incubator; (ii) Who needs medical oxygen during a flight; or (iii) Whose medical condition is such that there is reasonable doubt that the individual can complete the flight safely, without requiring extraordinary medical assistance during the flight." 14 CFR § 382.23.

A passenger who can't wear a face mask because of a medical condition does not meet the three criteria listed for when airlines may demand a medical certificate. The regulation goes on to state: "You may also require a medical certificate for a passenger if he or she *has* a communicable disease or condition

that could pose a direct threat to the health or safety of others on the flight." 14 CFR § 382.23(c)(1) (emphasis added). Also, "May I ask an individual what his or her disability is? Only to determine if a passenger is entitled to a particular seating accommodation pursuant to section 382.38. *Generally, you may not make inquiries about an individual's disability or the nature or severity of the disability*," according to DOT (emphasis added).

Thus no airline may require a customer seeking a mask exemption to submit a medical certificate unless that person is known to be infected with COVID-19 or another communicable disease. The plain language of the regulation indicates that Southwest may not make a presumptive determination that every single airline passenger is infected with COVID-19. That is scientifically impossible and not permitted under 14 CFR § 382.23(c)(1).

Airlines are common carriers open to the public and must obey the laws like any other corporation. They may not dictate their own policies for accepting medical certificates or how to treat disabled passengers. DOT has promulgated numerous rules to carry out the ACAA. 14 CFR Part 382.

**e. Defendant Southwest may not require disabled passengers needing a mask exemption to undergo a medical screening.**

Southwest mandates a disabled passenger needing a mask exception undergo a health screening with a contract doctor hired by the airline. But since airlines may not require a medical certificate for a passenger unless he/she has a communicable disease, they may also not require a third-party medical consultation. "As a carrier, you may require that a passenger with a medical certificate undergo additional medical review by you if there is a legitimate medical reason for believing that there has been a significant adverse change in the passenger's condition since the issuance of the medical certificate …" 14 CFR § 382.23(d).

**f. The Airline Defendants require a disabled passenger seeking a mask exemption to present a negative coronavirus test prior to each flight departure. But this constitutes illegal discrimination under the RA and ACAA.**

The Airline Defendants mandate disabled travelers seeking a mask exemption to submit a negative COVID-19 test taken within 1-3 days of departure. Requiring a negative test for a virus is not specifically addressed in the ACAA regulations, however in general: "As a carrier, you must not subject passengers with a disability to restrictions that do not apply to other passengers, except as otherwise permitted in this part…" 14 CFR § 382.33(a). Also look at the overall nondiscrimination mandate in the RA and ACAA. 29 USC § 794(a) & 49 USC § 41705(a).

The regulations and statutes are clear: The Airline Defendants may not require a negative COVID-19 test only from passengers with a disability who seek a mask exemption because this is a restriction not imposed on other passengers. Doing so constitutes illegal discrimination. The only way for the defendants to possibly be allowed to require a negative COVID-19 test from disabled passengers is to require such a test from ALL flyers. Then customers with and without a disability would be treated equally.

**g. Defendant Southwest may not ban mask-exempt passengers from flying if a plane is more than a certain percentage full.**

Southwest refuses to board a disabled mask-exempt passenger (if he/she somehow obtained an exception) if a flight is over a set percentage full. Southwest even states "Passengers may be required to travel on a different date than their scheduled itinerary." Doc. 1 at Ex. 196. However, "As a carrier, you must not limit the number of passengers with a disability who travel on a flight." 14 CFR § 382.17. Forcing disabled passengers to take later flights than the ones they booked when nondisabled customers aren't subject to this policy is blatant discrimination prohibited by the RA and ACAA. 29 USC § 794(a) & 49 USC § 41705(a).

**h. Defendant American may not change the seat assignment of a mask-exempt passenger without his/her consent.**

American has a policy instructing gate agents and/or flight attendants to move a mask-exempt passenger to the back of the aircraft to a seat he/she did not select. American specifically requires mask-

exempt passengers to sit in a window seat in the last row. However, "As a carrier, you must not exclude any passenger with a disability from any seat or require that a passenger with a disability sit in any particular seat, on the basis of disability, except to comply with FAA or applicable foreign government safety requirements." 14 CFR § 382.87(a). Nondisabled passengers are not subject to having their selected seats changed. So again we have obvious discrimination prohibited by the RA and ACAA. 29 USC § 794(a) & 49 USC § 41705(a).

### i. Defendant Southwest may not limit the number of disabled passengers on a flight.

"Southwest requires that Passenger obtaining a mask exemption travel on a flight with ... no other Passengers on board approved for a mask exemption." Doc. 1 at Ex. 196. However, "As a carrier, you must not limit the number of passengers with a disability who travel on a flight." 14 CFR § 382.17. Blocking disabled passengers from their booked flight violates the RA and ACAA because this rule doesn't apply to nondisabled customers. 29 USC § 794(a) & 49 USC § 41705(a). Under Southwest's policy, my son and I could not fly on the same plane if we both somehow obtained mask waivers. But obviously I can't travel on a different aircraft than my 4-year-old special-needs child.

### 4. Congress has not amended the RA or ACAA during the pandemic or provided authority for the Airline Defendants to disregard their legal duty to avoid discriminating against passengers with disabilities.

Congress has *never* enacted a law allowing airlines to require their passengers use an experimental medical device (a face mask) as a condition of carriage. Nor has it amended the RA or ACAA in response to the pandemic to give airlines permission to discriminate against passengers who can't tolerate covering our nose and mouth. Congressional intent is clear: Airline mask policies – and especially their discriminatory refusal to follow the law in granting exemptions to those with disabilities – are forbidden. Doc. 1 at ¶¶ 87-90.

Notably Congress has declared flying is a public right, not a privilege, especially for those with disabling medical conditions such as my son and myself.

> "A citizen of the United States has a public *right* of transit through the navigable airspace. To further that right, the Secretary of Transportation shall consult with the Architectural and Transportation Barriers Compliance Board ... before prescribing a regulation or issuing an order or procedure that will have a significant impact on the accessibility of commercial airports or commercial air transportation for handicapped individuals." 49 USC § 40103 (emphasis added).

Furthermore, the Airline Defendants are common carriers and have a common-law duty under state laws to transport every person who purchases a ticket – especially when that person is a disabled traveler protected by the RA and ACAA.

**5. The Airline Defendants breach their contracts by requiring my son and me to wear a mask.**

American and Southwest force passengers to wear masks when we never agreed to do so in the Contract of Carriage. American and Southwest's contracts, which I had to agree to to buy my plane tickets, include no provision mandating that passengers wear face coverings. I did not agree to wear a mask when I booked my ticket. Doc. 1 at Exs. 229 & 231. *See* Count 25. *Id.* at ¶¶ 695-705.

**6. The Airline Defendants' requirements that passengers wear masks, classified by the Food & Drug Administration as experimental medical devices allowed only under an Emergency Use Authorization, constitute practicing medicine without a license.**

The Airline Defendants violate the laws of every state by having their employees practice medicine without a license by prescribing the use of face masks, which are EUA products that federal law mandates passengers must have the legal option to refuse administration of. 21 USC § 360bbb-3(e)(1)(A)(ii)(III). The Airline Defendants even provide illegal and/or EUA masks to their passengers, introducing them into interstate commerce, without informing us use of the device is optional and we must give informed consent.

The Airline Defendants' employees have no medical license to order passengers to obstruct our breathing, causing numerous harms (Doc. 1 at ¶¶ 160-189), to perhaps spare another customer from catching a virus. Passengers willingly take on the risk of catching a communicable disease when they buy an airline ticket, knowing they will squeezed into a metal tube like sardines in a can. If they don't want to take that risk, they have the option not to fly – but the defendants don't have a medical license to demand

others suffer to mitigate the fear and anxiety of those paranoid about catching COVID-19. Airline employees are not competent and appropriately qualified physicians or other healthcare professionals able to evaluate who can't medically tolerate covering their nose and mouth.

It's a matter of common sense that doctors write prescriptions for medical devices, not airlines (nor the CDC nor the TSA). My son's doctor told me not to make him wear a mask for his health. The Airline Defendants have no power to overrule his judgment. Airlines are not immune from suits alleging practicing medicine without a license. Federal law governing air carriers includes a

> "general premise that states may provide a traditional damages remedy for violations of common-law duties when those duties parallel federal requirements, absent any express or implied congressional indication otherwise in the statutory scheme at issue. Here, not only is there no adverse indication, but the FAA sections expressly preserving state remedies and requiring insurance coverage support the conclusion that state law damages actions remain available even when state substantive standards are displaced." *Gilstrap v. United Airlines,* 709 F.3d 995 (9th Cir. 2013). (internal quotation marks and citations omitted).

A person may freely choose to accept medical risks for the benefit of others; they cannot be compelled by the defendants. We don't harvest organs without consent, even if doing so would save many lives. Those who make such sacrifices for others must truly be volunteers, not conscripts. *See Abdullahi v. Pfizer*, 562 F.3d 163, 184 (2nd Cir. 2009). *See* Count 27. Doc. 1 at ¶¶ 712-735.

**7. The Airline Defendants are engaged in fraudulent misrepresentation.**

The Airline Defendants provide FDA unauthorized or EUA face masks without disclosing that: 1) the masks (if authorized at all) are only designated for emergency use; 2) that there are "significant known and potential benefits and risks of such use" (or "the extent to which such benefits and risks are unknown"); and 3) flyers have the "option to accept or refuse administration of the product." 21 USC § 360bbb-3. Also, the Airline Defendants falsely represent on their website, in e-mails to passengers, signage at airports, etc. that "federal law" requires airline passengers wear face masks. But Congress has never enacted such a law. A mandate from CDC and TSA is not a "federal law" enacted into the U.S. Code.

These are fraudulent misrepresentations for which the Airline Defendants are liable under state common law. The Federal Aviation Act

> "includes two important statements indicating a general congressional intent not to preempt state-law tort suits against airlines: the savings clause providing that "[a] remedy under this part is in addition to any other remedies provided by law," 49 U.S.C. § 40120(c), and the requirement that airlines maintain liability insurance for injuries and property damage, id. § 41112. The latter requirement is important as to the statute's preemptive status, because 'the FAA doesn't create a federal cause of action for personal injury suits'; the liability insurance clause therefore 'can only contemplate tort suits brought under state law.' *Martin ex rel. Heckman v. Midwest Express Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009)." *Gilstrap*.

**8. The Airline Defendants' mask rules also violate several other legal provisions.**

I don't have space in this motion to argue all of the ways the Airline Defendants' mask policies break the law. I've made my key points above. I also encourage the Court to consider: 1) The Airline Defendants are engaged in reckless endangerment: Doc. 1 at ¶¶ 706-711; 2) They are committing invasion of privacy by forcing a disabled passenger to disclose his/her medical conditions as a condition of transportation: *Id.* at ¶¶ 736-740; 3) They are involved in deceptive and misleading trade practices: *Id.* at ¶¶ 741-746; 4) Their policies infringe on the constitutional right to travel: *Id.* at ¶¶ 753-769; 5) They're in violation of the International Covenant on Civil & Political Rights: *Id.* at ¶¶ 770-778; and 6) Their mask policies do not comply with the Convention on International Civil Aviation: *Id.* at ¶¶ 779-783.

**B. The Airline Defendants refusing our medical exemptions, forcing us to wear masks, and refusing to carry us because of our disabilities represents irreparable injury.**

When considering this prong, "it is not so much the magnitude but the irreparability that counts." *Enter. Int'l v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir.1985) (quoting *Canal Authority v. Callaway*, 489 F.2d 567, 575 (5th Cir. 1974)). Here we have both an enormous magnitude of harm plus irreparability.

If the Airline Defendants are permitted to continue forcing us to wear a mask and/or refusing our medical waiver, it limits our options to travel out of state for my son's specialized medical treatment, with

appointments sometimes being scheduled with short notice. This treatment is critical for my son and any missed appointments could irreparably damage his health. The Airline Defendants have no authority to override M.S.'s doctor's orders. Doc. 1 at Ex. 1.

Because my son's specialized healthcare is out of state, we must fly often using commercial aircraft to keep him alive. If the mask policies aren't enjoined, we risk the irreparable harm of damage to his health because the Airline Defendants are quick to ban anyone who dares remove their mask to breathe or who even requests a medical exception. This isn't speculation. This has already happened to numerous people.

Finally, there are at least 68 known harms to human health of covering one's nose and mouth. Doc. 1 at ¶¶ 160-189. Damaged health is almost always an irreparable harm.

**C. A preliminary injunction won't harm the Airline Defendants. American and Southwest would actually be enriched by being forced to sell us tickets.**

The Airline Defendants can't have an interest in taking actions that violate federal and state antidiscrimination laws, international treaties, and the Constitution. The defendants therefore cannot claim to have any cognizable "injury" as a result of the issuance of a PI. Also, even if the Court incorrectly assumes the FTMM is legal, it requires airlines exempt passengers with medical conditions who can't safely wear a mask. My son and I meet that requirement. The RA and ACAA also prevent the Airline Defendants' enforcement of a mask mandate against us.

Since masks do not reduce the spread of COVID-19 and airplane cabins are already among the safest places you can be during a pandemic due to their outstanding air-filtration systems, the Airline Defendants would not be harmed by being enjoined from forcing passengers to muzzle and/or being required to honor medical exemptions. Doc. 1 at ¶¶ 104-123 & Ex. 63.

Airline executives themselves recognize mandating masks is unnecessary and endangers aviation security. During recent testimony to a Senate committee, "The CEOs of two of the nation's major airlines say they don't think wearing masks on planes does much to help limit exposure to COVID." Defendant

16

"Southwest Airlines CEO Gary Kelly told U.S. senators Wednesday that the air in airplane cabins is clean enough that face masks don't provide significant additional protection to passengers from COVID-19. … [Airlines] partnered with the Department of Defense and research universities such as Harvard to show that HEPA filtration systems on airplanes make it difficult for coronavirus to spread among passengers." "Kelly told a U.S. Senate panel on Wednesday that 'masks don't add much, if anything' in fighting the spread of COVID-19 on airplanes, calling into question the reasoning behind mask mandates on flights imposed both by airlines and the Biden administration." Doc. 1 at Exs. 64-68.

In terms of American and Southwest, this is perhaps the rare instance where not only would these two airlines not suffer any harm from an injunction, they would actually *profit* from being enjoined by this Court because they would be forced to accept my money for our plane tickets, and millions of other Americans who can't safely wear masks would also be able to procure tickets to fly on the Airline Defendants, greatly boosting their passenger count at a time when the travel industry continues struggling because of the COVID-19 pandemic.

**D. The public interest requires enjoining the Airline Defendants from discriminating against the disabled.**

There is no federal law or regulation requiring anyone wear a mask. There are only *ultra vires* CDC and TSA orders, which the Court must determine are unenforceable. The Court must then apply the *actual* laws passed by Congress and regulations duly promulgated by DOT that declare it's in the public interest to prohibit discrimination against disabled travelers and retaliation against those of us who exercise our legal rights under the RA, ACAA, and state anti-discrimination laws.

Although we can all agree the public interest is best served by preventing the further spread of COVID-19, that does NOT occur through mask enforcement. https://bit.ly/masksarebad. There are 43 states that disagree with mandatory masking. Only seven states currently have a mask mandate in place, down from 40 at the start of the pandemic, as the science became clear that masks do not reduce the spread of

respiratory droplets. Aerosols go out the top, bottom, and sides of a mask, rendering them useless. There is no public interest in allowing a common carrier to illegally discriminate against the disabled and requiring masks that do nothing to stop the transmission of COVID-19. Doc. 1 at ¶¶ 124-159.

Furthermore, the FTMM itself recognizes that there are many disabled Americans who can't tolerate wearing a face mask. Ending the defendants' illegal discrimination against us is indisputably in the public interest. The defendants' extremely harsh enforcement of their mask rules – they totally banned all disabled travelers from flying from roughly June 2020 to February 2021, when the FTMM went into effect – is arbitrary and capricious. The defendants have not shown any proof that barring mask-exempt passengers from their airplanes has in any way contributed to public health.

The airline industry itself promotes how safe flying is. Studies it commissioned show airplanes are among the safest places you can be during the pandemic. Most importantly, there have not been any reported outbreaks of COVID-19 at airports or on board aircraft. Aircraft cabins have more sterile air than many hospital operating rooms.

As a district court held six months ago: "COVID-19 no longer threatens the public's health to the same extent presented at the start of the pandemic or when CDC issued the conditional sailing order. ... And Florida's high likelihood of success on the merits ensures that a preliminary injunction would serve the public interest." *Florida v. Becerra*, No. 8:21-cv-839 (M.D. Fla. June 18, 2021); CDC's motion to stay injunction denied, No. 21-12243 (11th Cir. July 23, 2021).

> "[T]his all assumes that COVID-19 poses any significant danger to workers to begin with; for the more than 78% of Americans aged 12 and older either fully or partially inoculated against it, the virus poses – the Administration assures us – little risk at all. *See*, e.g., 86 Fed. Reg. 61,402, 61,402–03 ('COVID-19 vaccines authorized or approved by the [FDA] effectively protect vaccinated individuals against severe illness and death from COVID-19.'). ... The Mandate is staggeringly overbroad. ... one constant remains – the Mandate fails almost completely to address, or even respond to, much of this reality and common sense." *BST Holdings v. OSHA*, No. 21-60845 (5th Cir. Nov. 12, 2021).

This Court has the power to put a stop to the Airline Defendants' illegal behavior. For decades, it has been the policy of Congress that disabled Americans should have the same rights to go about our lives as

18

those who are fortunate enough not to suffer from a crippling medical condition. In addition to the RA and ACAA, Congress requires all segments of society to give the disabled fair treatment under the Americans with Disabilities Act. An injunction is therefore in the public interest.

## IV. PRAYER FOR RELIEF

WHEREFORE, I request this Court issue the attached Proposed Order #1 granting a nationwide preliminary injunction against the Airline Defendants' mask mandates. Should the Court conclude a more narrow PI is appropriate, I ask it to consider Proposed Orders #2 & 3.

**L.R. 7.1(a)(2) Consultation Statement**
Because this is a new case, no defense counsel have appeared. Therefore I have no one to confer with regarding the defendants' position on this motion.

Respectfully submitted this 5th day of February 2022.

*/s/ Michael Seklecki/*

Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.
2024 Courtyard Loop #106
Sanford, FL 32771
Telephone: 321-666-4353
E-Mail: ktmlife22@icloud.com

**CERTIFICATE OF SERVICE**

Because this is a new case, no defense counsel have appeared. However, I hereby certify that on Feb. 5, I e-mailed courtesy copies of this motion to counsel who have represented the defendants in similar litigation:

Andrew Freidah
Counsel for the Federal Defendants
Andrew.F.Freidah@usdoj.gov

Stephen Pezzi
Counsel for the Federal Defendants
Stephen.Pezzi@usdoj.gov

Marcia Kay Sowles
Counsel for the Federal Defendants
Marcia.Sowles@usdoj.gov

Priya Aiyar
Counsel for Defendant American Airlines
Priya.Aiyar@aa.com

Roy Goldberg
Counsel for Defendant Southwest Airlines
Roy.Goldberg@stinson.com

Roberto Torricella, Jr.
Counsel for Defendant Southwest Airlines
Robert@torricellalaw.com

Maurice Baumgarten
Counsel for Defendant Southwest Airlines
Maurice@torricellalaw.com

_____
Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.