UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL SEKLECKI**, *on behalf of himself and his minor child M.S.*, : : : Plaintiff, : : Case No. 1:22-cv-10155-PBS v. : : District Judge Patti Saris **CENTERS FOR DISEASE** : **CONTROL & PREVENTION** *et al.*, : : Defendants. : | |

**PLAINTIFF'S RESPONSE TO AIRLINE DEFENDANTS' FEB. 15 STATUS REPORT &
SUPPLEMENT TO MOTIONS FOR PRELIMINARY INJUNCTIONS AGAINST ALL DEFENDANTS**

COMES NOW plaintiff, *pro se*, and responds to the Status Report filed earlier today by Defendants American Airlines and Southwest Airlines. I also submit documents to the Court as requested to supplement my Motions for Preliminary Injunction (Docs. 15 & 17) against both the two Airline Defendants and the two Federal Defendants – the Centers for Disease Control & Prevention ("CDC") and its parent agency, the Department of Health & Human Services. Exs. 1-4.

**I. STATEMENT OF FACTS**

There are numerous facts in dispute between the parties. I submit the following rebuttal to several of the Airline Defendants' false claims:

1. The Court did not require that I provide the airlines with "documentation establishing that M.S. has a disability and cannot wear a mask, or cannot safely wear a mask, because of the disability (*e.g.*, does not understand how to remove their mask due to cognitive impairment, cannot remove a mask on their own due to dexterity/mobility impairments, or cannot communicate

1

promptly to ask someone else to remove their mask due to speech impairments or language disorders, or cannot wear a mask because doing so would impede the function of assistive devices/technology;" Doc. 42 at 1-2. In reality, the Court asked me to provide the airlines with documentation that M.S. can't safely wear a mask due to his medical conditions. The remainder of this statement was invented by the Airline Defendants.

2. "The Airline Defendants have done their best to achieve these goals, but unfortunately have been unable to reach agreement with Mr. Seklecki." *Id*. at 2. In truth, Mr. Duggan, counsel for American and Southwest, made no good-faith effort to negotiate an acceptable mask exemption for my son when we spoke on the phone this morning. Mr. Duggan refused to review the 12-point demand letter I sent issue by issue despite the fact I offered to consider each demand that his clients obey the law with him to narrow the issues. Mr. Duggan simply recited his clients' illegal mask-exemption policies and told me I had to comply or else American and Southwest would refuse to transport my son and me to/from his medical appointment Feb. 23 in Boston.

3. "The Airline Defendants have taken as many measures as possible to facilitate the ability of the minor son to fly to Boston without a mask." *Id.* 4. In reality, American and Southwest have refused to obey the laws and continue insisting on numerous illegal procedures for my son to obtain a mask exemption. As noted above, Mr. Duggan refused to even discuss my demands even though I noted my willingness to negotiate.

4. "Plaintiff did not at that time attach a letter from a medical professional regarding Plaintiff's son in connection with either email to counsel for American or Southwest. In fact, the request was not even made until February 15." *Id*. at 6. The truth is I provided the Airline Defendants' counsel with the letter from Afton Rakestraw. Ex. 2. Counsel also acknowledged that I filed with the Complaint two doctor's letters that M.S. should not wear a mask, the most recent of which was dated Oct. 26, 2021. Doc. 42 at 17. My son's medical disabilities do not change in a few months, thus

there's no need to provide a new medical certificate (and asking for a medical certificate is prohibited by federal regulation). However, because of the Court's request, I sent the airlines' counsel an updated note as a courtesy. I also obtained tonight another note from an additional healthcare provider for my son, Dr. Matthew Rensberry. Ex. 2. I requested both of these letters the morning of Feb. 14. The airlines are lying by stating that did not request them today. It takes time for healthcare providers to write these notes, especially when the request is made outside of an appointment. I went to the Child Neurology Center of Orlando today to retrieve the letter in person because it would not e-mail the note to me.

5. "The Airline Defendants note that Mr. Seklecki has several viable options for fling with his son to Boston for the medical appointments starting February 22." Doc. 42 at 9. This is false. I have purchased tickets to fly to the Boston region on American Airlines on Feb. 22 and to return Feb. 23 on Southwest Airlines. Those are the cheapest fares I could find. The airlines refuse to comply with the law and grant my son a mask exemption without imposing numerous conditions that are clearly, undeniably illicit.

6. "The Sekleckis have represented to the Court that they have in the past flown on Delta Airlines from Orlando to Boston, with his son not having to wear a mask, and Plaintiff has not offered any reason why he cannot fly with his son to Boston once again on Delta other than he does not want to do so now. There are ample Delta Airlines flights between Orlando and Boston." *Id*. at 9-10. First, Delta is not a party to this lawsuit. And in actuality, I informed all defense counsel by e-mail that I do not have the funds to buy expensive tickets on Delta. A roundtrip from Boston to Orlando for Feb. 22-23 would cost $437.20 per person for a total of $840.40. Ex. 4. This printout from Delta's website was shared with all defendants' lawyers. I would love to be able to fly from Orlando to Boston nonstop rather than taking a bus to Miami and flying to Manchester, New Hampshire, but I could not afford flights between Boston and Orlando for these dates. I was able to find

3

tickets on American to fly from Miami to Manchester for $72.60 each, for a total of $145.20. Doc. 42-2. This is a savings of $695.20 versus flying Delta Orlando-Boston.

7. "This e-mail from Mr. Seklecki does not state that his son will be precluded from flying to Boston with a mask exemption from Delta or explain why alternate transportation (via air or otherwise) is unavailable. In other words, Mr. Seklecki chooses not to fly Delta or another airline that is not a Defendant is this action, even though Delta has apparently allowed his son fly without a mask in the past. In sum, there is no basis for the Court to issue an emergency order with regard to the son's flight to Boston." Doc. 42 at 10-11. In reality, as explained above, I can't afford the expensive tickets on Delta Air Lines. I have already spent huge sums of money flying Delta in recent months because American, Southwest, Frontier, and Spirit refuse to grant my son a medical waiver. My wife and I do not have the money to continue this, hence the reason we brought this lawsuit. American and Southwest act is they are above the law and say all I have to do is fly Delta because it breaks the law less than they do. Surely the Court does not accept that argument.

8. "In addition to flying again on Delta, Plaintiff can transport his son to Boston on Southwest Airlines without the son having to wear a mask or give a negative COVID-19 test. But Plaintiff insists on flying on American and on flying only under terms he dictates." *Id*. at 11. The truth is flying up to the Boston region on Southwest was more expensive, thus why I booked the cheapest ticket, which was on American from Miami. And I insist on flying American ***under terms federal law dictates***. Again, American must comply with the law as any other company or person. All I have asked of American and Southwest to obey the law.

9. "These process have been expressed to Mr. Seklecki who has stated plainly that he refuses to follow them." *Id.* at 12. The airlines' mask-exemption procedures are illegal, as defense counsel quotes extensively through his Status Report, listing all the laws and regulations that American and Southwest are violating as plain as day. I refuse to allow American and Southwest to break

4

the law in refusing to transport my son maskless without enduring many parts of the "process" that are forbidden by law.

10. "Plaintiff did not provide a more recent letter from a physician regarding his son's medical condition." *Id*. at 17. I sent defense counsel the letters from Afton Rakestraw and Dr. Rensberry today. Ex. 2. Again, I'll note that airlines are prohibited by law from requiring a disabled person present a medical certificate.

11. "In sum, Plaintiff Seklecki can fly with his son to Boston (or Manchester) on Delta, but so far he has opted not to do so." Doc. 42 at 18. Again, I can't afford the tickets on Delta. I'm not sure why defense counsel can't understand this. Perhaps because they likely make six figures and don't know what's like to have to be frugal. And again, Delta is not a party to this lawsuit.

12. "It is also concerning that Plaintiff appears resistant to compliance with FAA and DOT enforced air carrier regulations." *Id*. at 19. Wrong. First, FAA does not regulate masks or passengers with disabilities. And the DOT regulations counsel himself quoted extensively in this Status Report spell out in no uncertain terms that American and Southwest are the ones resisting complying with DOT-enforced air-carrier regulations that protect the disabled from discrimination.

13. "This litigation tactic reflects the facts that Plaintiff appears less concerned with his son's emergency need to travel and more focused on using this litigation to further his overall objection to the [Federal Transportation Mask Mandate] and the efforts by Plaintiff and his anti-mask coalition to secure a declaration that the FTMM is unlawful…" *Id.* at 19. Getting my son to Boston for his medical appointment with the money I have to spend is not a "litigation tactic" and it's offensive for the airlines to suggest that. I have booked the most affordable plane tickets possible to ensure my son gets to Boston for his medical appointment Feb. 23. It is the airlines (and the government) who are standing in the way.

14. The airlines falsely assert that the effort to have the FTMM vacated "has already failed in the D.C. Circuit, the Supreme Court, and the Middle District of Florida." *Id*. at 19. In reality, my petition against the Transportation Security Administration ("TSA")'s has yet to be briefed on the merits in the D.C. Circuit, the Supreme Court ruled on an emergency application for stay (not the merits), and the Middle District of Florida (which I have no lawsuit in) has not decided on two challenges to CDC's FTMM order.

15. "Plaintiff has failed to demonstrate any need for emergency relief from the this Court and/or has demonstrated that any 'emergency' is of his own making." *Id.* at 19. It is the airlines who refuse to comply with the law, not me. The airlines have created this emergency, not me. Otherwise we would not be here.

## II. ARGUMENT

**A. I have complied with all the Court asked of me, but the Airline Defendants refuse to grant my son a mask waiver that's free of illegal procedures.**

During the Feb. 11 status hearing, the Court asked me to "book a flight send the Flight# to the Attys for the Airlines as soon as possible. Medical Certification as to the minor child shall be produced." Doc. 36. I booked flights Feb. 13 on American and Southwest and sent the lawyers the flight information that same day. Docs. 42-2 & 42-3. I must note that airlines are prohibited from requesting a disabled person present a doctor's note. "Except as provided in this section, you must not require a passenger with a disability to have a medical certificate as a condition for being provided transportation." 14 CFR § 382.23(a). "May a carrier require a passenger with a disability to provide advance notice that he or she is traveling on a flight? As a carrier, you must not require a passenger with a disability to provide advance notice of the fact that he or she is traveling on a flight." 14 CFR § 382.25.

These regulations negate the airlines' argument that "Pursuant to airline policy, a <u>physician's</u> letter documenting necessity for a mask exemption in required in advance of travel." Doc. 42 at 17 (emphasis original).

Because I understand this case is new to the Court and it does not yet have a full understanding of the Rehabilitation Act and Air Carrier Access Act regulations, I agreed as a courtesy to the Court and the Airline Defendants to provide four medical certificates from three healthcare providers. Ex. 2 & Doc. 1 at Ex. 1. Still, American and Southwest refuse to grant my son a mask exemption without requiring numerous illegal procedures that I will not consent to, as is my right under federal law.

**B. The Department of Transportation guidance to airlines violates the Rehabilitation Act and Air Carrier Access, the very laws DOT is charged by Congress with enforcing. Airlines may not demand a COVID-19 test from the disabled but not from other passengers.**

The Airline Defendants attempt to justify their illegal acts by contending that "Consistent with … DOT guidance, American Airlines requires a negative COVID-19 test for any passenger granted an exemption to travel without a mask on the aircraft." Doc. 42 at 3. But as explained extensively in my Complaint, the DOT is failing its statutory duty to enforce these laws and has actually provided airlines with guidelines that are legally invalid. Doc. 1 at ¶¶ 444-494.

Because American does not require a negative COVID-19 test from all passengers, it may not discriminate against the disabled by only asking us for such a test. "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 USC § 794(a). "In providing air transportation, an air carrier … may not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities. (2) the individual has a record of such an impairment. (3) the individual is regarded as having such an impairment." 49 USC

7

§ 41705(a). "As a carrier, you must not refuse to provide transportation to a passenger with a disability on the basis of his or her disability, except as specifically permitted by this part." 14 CFR § 382.19(a).

No federal law allows airlines to require, as a condition of carriage, that any person submit to a virus test for any domestic flight. The only federal mandate (not a law passed by Congress or even a regulation duly promulgated and codified in the Code of Federal Regulations)[1] is a CDC order called the International Traveler Testing Requirement ("ITTR"). The ITTR only allows airlines to require COVID-19 testing for flights departing a foreign nation and landing in the United States. 86 Fed. Reg. 69,256 (Dec. 7, 2021); Ex. 5.

Requiring a COVID-19 test every time my son flies would subject him to an invasive medical procedure that he would have trouble tolerating due to his autism, just like covering his face. Rapid testing is not always available and if it is, it often is only provided by private companies that my health insurance doesn't pay for. We can't risk being denied transportation to his medical appointments in Boston because we can't find a rapid COVID-19 test.

It's theoretically possible that under federal law, airlines could require testing on domestic flights. But the key point here is the law does not allow discrimination against disabled passengers. We can't be treated differently because of our medical conditions. Requiring we submit a coronavirus test before departure on a domestic flight but not all the other passengers is clearly unlawful discrimination. The fact that DOT advised airlines they could require virus tests for mask-exempt customers has no bearing on the question of whether the requirement constitutes illegal discrimination outlawed by Congress. An executive agency such as DOT obviously has no authority to tell companies it regulates that it's free to break the law.

Notably, DOT found Southwest violated 14 CFR § 382.19 by refusing to grant medical exemptions to the disabled. Doc. 1 at Ex. 223. So the airlines' arguments that they can rely on DOT to support their position is disingenuous when the department already found Southwest in violation.

---

[1] The ITTR is being challenged as illegal in at least two federal lawsuits.

8

**C. The Airline Defendants can't force me to change my flight to another carrier that violates the law in fewer ways than they do.**

American makes the incredible statement that I "also refuse[] to switch [my] outbound flight to another airline that would not require a negative COVID-19 test for children under 5 such as Southwest or, apparently, Delta Airlines." Doc. 42 at 3. But American must comply with the law. It can't break the rules and say "but these other carriers aren't, so you can fly on them." No. The law doesn't work that way. I purchased tickets on American to fly my son and I up to the Boston region Feb. 22. They were the cheapest tickets. They are also nonrefundable. I am under no obligation to change my flight when American wants to impose illegal discrimination on my 4-year-old boy, i.e. a virus test that nondisabled passengers are not required to submit, and the CDC ITTR doesn't apply to domestic flights.

American and Southwest bemoan that I have not "indicated that [I] had attempted to book a flight or apply for a mask exemption on any other carrier." *Id*. at 5-6. Wrong. I provided evidence in the Complaint that my family was banned from Frontier Airlines because we asked for a medical exemption and my son was demeaned and harassed by Spirit Airlines because he can't wear a mask. Doc. 31 at Exs. 7-11, 13-14, 20, & 22.

**D. I have agreed, despite the danger to my health, to muzzle myself on the Feb. 22-23 flights. However, I will continue to press this claim in the future because the airlines are discriminating against me and violating numerous laws by refusing my mask exemption in addition to my son's.**

It's true that I want for both me and my son to be granted mask exemptions for the remainder of 2022 so we don't have to go through this process every time we fly for M.S.' medical appointments. *Id*. at 3. But as Mr. Duggan noted in his e-mail filed with the Court (Doc. 42-1), I agreed during our conversation this morning to obstruct my oxygen intake and create the danger of panic attacks on these two flights Feb. 22-23 because my biggest concern right now is that my son receive the medical exemption the airlines must by law grant him. I will suffer for the sake of my son right now, however I will continue pursuing

9

my claim for a mask exemption in future proceedings. At this time, I ask the Court only to order the Airline Defendants to give me a letter exempting my son from any mask mandate for the duration of this year.

**E. Requiring a medical consultation with a third-party medical vendor such as STAT-MD is forbidden.**

The Airline Defendants complain that "More problematic, Mr. Seklecki insists that the Airline Defendants waive any medical review of his son's requested waiver by STAT-MD or any 'third party medical review board,' to which all other waiver requests are submitted to validate medical need and compliance with the FTMM. The Airline Defendants cannot agree to a blanket waiver of this procedure (which is expressly authorized by the FTMM and DOT guidance). *Id.* at 4.

Again the airlines ignore the law, which could not be stated any more clearly: "As a carrier, you may require that a passenger with a medical certificate undergo additional medical review by you if there is a legitimate medical reason for believing that there has been a significant adverse change in the passenger's condition since the issuance of the medical certificate …" 14 CFR § 382.23(d). Because an airline may not request a medical certificate from disabled passengers except in a very few circumstances, none of which relate to masks, they also may not require a medical consultation. 14 CFR § 382.23(a).

The fact that the airlines force all mask waiver requests to be submitted to a third-party medical consultant does not mean this process is permitted by law. Also, that CDC and DOT have given guidance to airlines they may require a medical consultation does not negate the fact it is prohibited by federal regulations. Again, executive agencies may not instruct regulated entities they may ignore the law.

This demonstrates the need for the Court to enter a preliminary injunction, at least for the next month until the motions can be fully briefed, against both the Airline Defendants and the Federal Defendants. The Airline Defendants are relying on unlawful "guidance" from CDC and HHS, along with DOT. The Court must put to stop to all defendants' illicit conduct.

**F. The Airline Defendants may not require me to allow my son's private medical information to be released to all sorts of unknown third parties.**

American and Southwest complain in a footnote that "Mr. Seklecki crossed out the requirement on each application that allows the airlines to share the application and supporting information with a third-party medical provider, the CDC, and other government authorities and service providers. … The Airline Defendants cannot agree to that change. For the Sekleckis to fly [on] these flights, they must accept the terms without redaction." Doc. 42 at 4. False. The airlines may not invade our privacy by mandating the release of my son's private medical information to countless third parties. That's why I crossed out that provision of Southwest's mask-exemption form. It is my right as a father to protect my son's privacy. By forcing me into federal court, the Airline Defendants are already violating our privacy by making me file all sorts of private medical information about my son in the public record. This is why I charge them invasion of privacy. Doc. 1 at Count 28 (¶¶ 736-740).

Again the law does not permit airlines to request a medical certificate from a disabled passenger or to require a medical consultation. 14 CFR § 382.23(a) & (d). So clearly they may not share information they are legally banned from obtaining with third parties.

**G. The Airline Defendants may not condition approval of my son's mask exemption on procedures that violate federal law.**

I'm starting to beat a dead horse here. American and Southwest insist I must provide proof a medical diagnosed physical or mental disability that causes M.S. to be unable to wear or safely wear a mask on the airplane. Doc. 42 at 5. This is illegal per 14 CFR § 382.23(a). But as a courtesy to the Court, I provided this information anyway. Ex. 2. American may not require a negative COVID-19 test. Doc. 42 at 5. The law applies, not "DOT guidance and the FTMM," neither of which are laws passed by Congress or regulations codified in the Code of Federal Regulations. *Id*.

11

**H. American and Southwest's misconduct constitutes irreparable harm.**

The Court made it clear to the Airline Defendants at the Feb. 11 status hearing that ensuring my son gets to Boston for his Feb. 23 medical appointment is critical, but American and Southwest still refuse to grant him an exemption without illegal strings attached. They try to argue that "these monetary reasons do not form the basis for irreparable harm." Doc. 42 at 10. They sure do. I don't have the money to pay more than $800 for tickets on Delta when flying American and Southwest costs me only $145. I can't buy the Delta tickets, therefore without this Court's intervention, my son would suffer the irreparable harm of being unable to make his Feb. 23 healthcare appointment in Boston. An award of monetary damages against American and Southwest at the end of this lawsuit could not remedy this harm.

**I. The Court must enjoin the Airline Defendants and the Federal Defendants.**

As we read deeper into the Airline Defendants' status report, we continue seeing them attempting to justify their illegal conduct by saying CDC told them it's okay. "The FTMM provides for air carriers to follow a process by which the carrier evaluates the case of a customer who claims a disability." Doc. 42 at 11. But those procedures are in violation of the Rehabilitation Act and Air Carrier Access Act, as discussed *supra*. Obviously CDC can't change laws enacted by Congress. Nor can DOT issue guidance that "both the CDC Order and [14 CFR] Part 382 permit airlines to require passengers to consult with the airline's medical expert and/or to provide medical evaluation documentation from a passenger's doctor sufficient to satisfy the airline that the passenger does, indeed, have a recognized medical condition precluding the wearing or safe wearing of a mask." *Id*. at 11-12. As argued in the Complaint, the DOT Notice of Enforcement Policy issued Feb. 5, 2021, is illegal. Doc. 1 at ¶¶ 444-494. The Court must apply the law, not the DOT Notice. The Rehabilitation Act and Air Carrier Access Act prohibit all of what American and Southwest are trying to do to my son because of his disabilities.

For this reason, the Court must issue a preliminary injunction, at least for the next month, stopping CDC and HHS from enforcing the FTMM – or at least from enforcing it against my son. The Court must

stop this outrageous abuse of executive power in attempting to override statutes enacted by Congress, just as numerous other federal courts have done in enjoining or staying at least seven Biden Administration COVID-19 mandates not approved by the Legislative Branch. I won't repeat all the cases here. I refer the Court to my Motion for PI Against Defendants CDC & HHS. Doc. 15.

**J. There is a private right of action to sue under the Air Carrier Access Act when the agency tasked by Congress to protect the disabled from discrimination in air travel neglects its duty to enforce the law. Also, there is a private right of action under the Rehabilitation Act.**

The Airlines incorrectly argue in a footnote that "persons with a disability claiming discrimination in violation of the ACAA may file an administrative complaint with DOT pursuant to 14 CFR Part 382." Doc. 42 at 11, FN 3. But as the Court noted during the Feb. 11 status hearing, this argument is absurd. It takes DOT more than one year to investigate complaints of airline discrimination. Doc. 31 at Ex. 223. I've filed multiple DOT complaints, and the agency hasn't done a thing. *Id*. at Ex. 19-22. If I had to wait more than a year for justice, my so would likely be dead.

**K. The Airline Defendants may not force a disabled passenger to change seats.**

"American requires seating of the exempted passenger either in the first row of First Class or the last row of the Main Cabin." Doc. 42 at 13. But this is explicitly verboten: "As a carrier, you must not exclude any passenger with a disability from any seat or require that a passenger with a disability sit in any particular seat, on the basis of disability, except to comply with FAA or applicable foreign government safety requirements." 14 CFR § 382.87(a). The Court should take extreme offense at the airlines wanting to seat the disabled in the back of the plane, just like many states used to require black people to sit in the rear of the bus.

**L. Lucas Wall is not a party to this lawsuit. My family is allowed to have an advocate.**

The Court needs to instruct the defendants to cease continuing to refer to nonparty Lucas Wall in its papers. It's true Mr. Wall is my friend, a copetitioner with me against TSA in the D.C. Circuit, the chairman

13

of Americans Against Mask Mandates, and a professional advocate for the disabled who encounter discrimination in the transportation sector. He's also a disabled American, so he understands our issues. It's true I considered joining his putative class-action lawsuit in Orlando last year, but my wife and I opted against it. Notably American has never been added as a defendant in the Orlando case.

The defendants' constant references to Mr. Wall (Doc. 42 at 14-15) are wholly irrelevant to this litigation, in which only my son and I are plaintiffs. To the extent the airlines complain that Mr. Wall has written them letters advocating on my family's behalf, this is irrelevant. There is nothing illegal about me having an advocate for the disabled helping me in asserting my rights under federal anti-discrimination laws.

**M. Southwest may not change our flights because we're disabled.**

Southwest admits to breaking the law in its statement that it will contact the passenger or his/her parent "to discuss any need to change your travel dates and/or flights…" Doc. 42 at 16. However, "As a carrier, you must not limit the number of passengers with a disability who travel on a flight." 14 CFR § 382.17. "You must not discriminate against any qualified individual with a disability, by reason of such disability, in the provision of air transportation…" 14 CFR § 382.11(a)(1).

Southwest must be enjoined from requiring mask-exempt customers to change travel dates and/or flights. My son and I often fly to Boston the night before his medical appointment and return the same or next day. If Southwest changes our flight to another day, this is illegal discrimination. It could force my son to miss his medical appointment if this happens on the way up to Massachusetts. If we are refused transportation on our booked flight going home, it would cost us money having to get an expensive hotel room for another night in Boston and would cause havoc for my wife and I regarding our childcare arrangements for M.S. and my other son, who is 2 years old. If we purchase a ticket on Southwest, the airline is obligated by law and its own Contract of Carriage to transport us on that flight.

Southwest whines that "Plaintiff insists of a variety of other conditions that must be agreed to before he will accept Southwest's offer of a no-test-required, mask exemption for the son." Doc. 42 at 19. But

Southwest's "offer" comes with too many illegal, unacceptable strings such as requiring that our flight date could be change, invading our privacy by forcing us to allow Southwest to share my son's private medical records with unknown third parties, and forcing him to undergo a medical evaluation with a contractor such as STAT-MD – who could deny my son the mask exemption at the airport and we'd be left stranded. It's imperative Southwest and American must give us letters exempting M.S. from any mask mandate for the remainder of this year.

### III. CONCLUSION

American and Southwest ask the Court to "affirm that the Airline Defendants may apply the rules governing Exemption Requests from the Federal [Transportation] Mask Mandate to Mr. Seklecki's request as they would to all other passengers." Doc. 42 at 20. But the "rules" they apply to all passengers are illegal. I'm not asking the Court to do anything but order American and Southwest to comply with the law. I make the same demands of CDC and HHS.

WHEREFORE, I request this Court issue a preliminary injunction against Defendants American, Southwest, CDC, and HHS for at least the next month until these motions can be fully briefed and argued. The injunction should state that M.S. is exempt from any requirement to wear a mask on an airplane or any other mode of public transportation due to his medical disability.

Respectfully submitted this 15th day of February 2022.

*Michael Seklecki*

Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.
2024 Courtyard Loop #106
Sanford, FL 32771
Telephone: 321-666-4353
E-Mail: ktmlife22@icloud.com