IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL SEKLECKI,             )

                                    )

                                    )

      Plaintiff,                )

                                    )

v.                              )      Case No. 1:22-cv-10155-PBS

                                    )

CENTERS FOR DISEASE         )

CONTROL & PREVENTION, *et al.*,    )

                                    )

      Defendants.            )

**SOUTHWEST AIRLINES CO.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

Defendant Southwest Airlines Co., by and through undersigned counsel, submits this response to "Plaintiff's Time-Sensitive Motion to Compel Defendant Southwest Airlines to Remove 7-Day-Advance Notice Restriction from M.S.'s 30-Day Mask Exemption Letter," Doc. 52.   As set forth in the email to Plaintiff Michael Seklecki dated February 17, 2022 (Exhibit 1 hereto), Southwest Airlines has informed Mr. Seklecki of the following:

Dear Mr. Seklecki:

We have reviewed the "Plaintiff's Time-Sensitive Motion to Compel Defendant Southwest Airlines to Remove 7-Day-Advance Notice Restriction from M.S.'s 30-Day Mask Exemption Letter" which you filed in your federal case in Boston yesterday.  The 7-day advance notice requirement referenced in the letter to you from Southwest Airlines yesterday regarding the 30-day period for your son's mask exemption reflects Southwest's mask exemption application process, because Southwest wants to ensure it has adequate time to process the application and to add the proper codes to the Customer's reservation.  This timeline is in the Customer's interest to make sure that the exemption request can be acted on in a timely manner.

As mentioned to you in an email yesterday (February 16, 2022), the DOT "Notice of Enforcement Policy" (Feb. 5, 2021), states, at page 5: 14 C.F.R. "Part 382, like the CDC Order, permits airlines to require passengers with disabilities who are unable to wear masks to require an accommodation in advance."  See also page 3 ("the CDC Order permits . . . airlines" to require "a person seeking an exemption to request an accommodation in advance").

Nevertheless, you should be aware that Southwest has in the past accepted exemption applications provided less than 7 days before the flight departure date, and has been able to process such applications in less than 7 days.  For flights to be taken by your son on Southwest between now and March 18, 2022:

1.      If you book a flight for your son more than 7 days out, please advise Southwest Airlines more than 7 days before the flight of the flight you booked and that your son would like to fly without a mask.  This should be doable since you will have booked the flight more than 7 days before departure.

2.      If you decide to book a flight within 7 days of the departure, then let Southwest know at the time of your booking that your son would like to use the mask exemption that Southwest has voluntarily agreed to apply through March 18, 2022.

In light of this communication, Plaintiff's motion respectfully should be denied as moot.

Respectfully Submitted,

SOUTHWEST AIRLINES CO.

By Counsel,

/s/ Christopher A. Duggan
Christopher A. Duggan (BBO No. 544150)
SMITH DUGGAN BUELL & RUFO LLP
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400
Chris.Duggan@SmithDuggan.com

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 728-3005
Email: roy.goldberg@stinson.com
Admitted *Pro Hac Vice*

Counsel for Defendants Southwest Airlines Co. and American Airlines, Inc.

Dated: February 18, 2022

**CERTIFICATE OF SERVICE**

       I hereby certify that, on this 18th day of February 2022, I electronically filed the foregoing Southwest Airlines Co.'s response to response to "Plaintiff's Time-Sensitive Motion to Compel Defendant Southwest Airlines to Remove 7-Day-Advance Notice Restriction from M.S.'s 30-Day Mask Exemption Letter" through the CM/ECF system, which will send notification to the registered participants as identified on the Notice of Electronic Filing, which includes all parties in this case.

/s/ Christopher A. Duggan
Christopher A. Duggan (BBO No. 544150)