UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SEKLECKI**, *on behalf of himself and his minor child M.S.*, | : : : | |
| Plaintiff, | : : | |
| | : | Case No. 1:22-cv-10155-PBS |
| v. | : : | District Judge Patti Saris |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.*, | : : : | |
| Defendants. | : : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT AMERICAN AIRLINES TO REMOVE TESTING REQUIREMENT & 7-DAY-ADVANCE-NOTICE RESTRICTION FROM M.S.' MASK-EXEMPTION LETTER**

COMES NOW plaintiff, *pro se*, and moves for an order compelling Defendant American Airlines to rescind two restrictions it placed in my son's mask-exemption letter requiring us to get him tested for COVID-19 before checking in for every flight and, after March 18 for any future reservations, to notify the carrier at least seven days before we travel to request a mask exemption. Doc. 74-3.

I flagged the testing issue as a concern before: "American's letter makes my son's mask exemption contingent on us submitting a negative COVID-19 test each time we check in for a flight. As argued in my prior court papers, this constitutes illegal discrimination against the disabled since nondisabled passengers are not required to submit a COVID-19 test to be able to check in. However, I have opted not to press this issue until the full hearing on my motions for preliminary injunction next month after briefing is completed." Doc. 52 at 1, FN 1. But I must press the issue now because American refused to let my son fly, even with his mask-exemption letter, due in part to the testing requirement, even though we provided an antigen test as demanded. Declaration at Doc. 74-1.

1

American's letter for M.S. includes this this unacceptable and unlawful language: "This mask exemption for your son is conditioned on your providing a negative COVID-19 test result – PCR or antigen – on behalf of your son in order for your son to fly on AA Flight Nos. 1526 and 5283 on February 22, 2022. The negative test must have been taken within 72 hours of departure of your initial flight on February 22, 2022, and the test result must be provided to American Airlines at check-in for the MIA-DCA leg of the flight." Doc. 74-3. But this requirement violates the law: "As a carrier, you must not subject passengers with a disability to restrictions that do not apply to other passengers, except as otherwise permitted in this part…" 14 CFR § 382.33(a). American Airlines does not require nondisabled passengers to submit a COVID-19 test to check in for a flight, therefore it is subjecting my son to restrictions that do not apply to other passengers.

I have tried to work this problem out with American's lawyers, but they refuse to do anything, claiming that "guidance" from the Department of Transportation allows American and other airlines to require disabled mask-exempt passengers submit a negative COVID-19 test when checking in, despite the fact this mandate does not apply to nondisabled passengers. I've tried to explain to counsel that "guidance" from a federal agency may not override the actual laws passed by Congress and the regulations duly promulgated by the very same department that's telling the airlines it regulates that they are free to violate the law because of COVID-19. But our system of government doesn't work that way. An agency can't advise regulated entities they are free to ignore the law. Only Congress may change the law, or an agency may amend its regulations using procedures required by the Legislative Branch, e.g. notice-and-comment rulemaking to amend the Code of Federal Regulations. I'm not a lawyer, but I understand how our system of government works. This Court must enforce it. That is the Court's job.

I also must demand that American be compelled to remove this illegal language from the letter: "In the event that [M.S.] chooses to travel on any future flights after March 18, 2022, with American Airlines,

2

it will be necessary for you to book the flight and request that American Airlines grant a new mask exemption for Michael Jr. **no later than seven days prior to scheduled departure**." Doc. 74-3 (emphasis original). However, my son's medical appointments in Boston are often changed with short notice. We don't always book plane tickets within seven days of departure. For example, my son was scheduled to have surgery March 3 at Boston Children's Hospital and remain in Massachusetts for a few weeks of recovery and post-operative check-ups. But at a March 1 pre-surgery appointment, the doctors determined my son was not yet ready for the procedure and postponed it until April. We then had to scramble to book plane tickets to fly out of Boston back home to Florida that same night. This time we were able to find the least-expensive tickets on Delta, which cleared M.S. for a mask waiver at check-in. But what if American had been the cheapest way home, and other airlines were more than triple the price? What if American was the only carrier that had seats available on our route that night?

If this seven-day-notice restriction is allowed to remain, we could not have obtained a medical waiver for M.S., even though the Airline Defendants have not disputed he is qualified for one, even if the Court determines the Federal Transportation Mask Mandate is legal, which of course it is not since CDC and HHS have no statutory authority to mandate what travelers place on their faces.

The law can't be any more clear about the ban on advance notice: "May a carrier require a passenger with a disability to provide advance notice that he or she is traveling on a flight? As a carrier, you must not require a passenger with a disability to provide advance notice of the fact that he or she is traveling on a flight." 14 CFR § 382.25. It also violates the same regulation I quoted above: "As a carrier, you must not subject passengers with a disability to restrictions that do not apply to other passengers, except as otherwise permitted in this part…" 14 CFR § 382.33(a). Because American does not require nondisabled customers to buy a flight at least seven days in advance, it may not impose that mandate on disabled passengers. There can be no legitimate argument here. The regulations speak for themselves.

3

American counsel know full well that the DOT Notice of Enforcement Policy they rely on is illegal, as I've argued my Complaint and subsequent court filings. Guidance from a federal agency that an airline may break the law can never be substituted for an actual regulation duly promulgated into the Code of Federal Regulations or real laws passed by Congress and signed by the president.

There are statutes that prohibit American from this misconduct. It violates the Rehabilitation Act to require advance notice from a disabled person but not a nondisabled passenger, and to require virus testing from a disabled person but not a nondisabled flyer. "No otherwise qualified individual with a disability in the United States … shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance…" 29 USC § 794(a). It also violates the Air Carrier Access Act passed by Congress. "In providing air transportation, an air carrier … may not discriminate against an otherwise qualified individual on the following grounds: (1) the individual has a physical or mental impairment that substantially limits one or more major life activities. (2) the individual has a record of such an impairment. (3) the individual is regarded as having such an impairment." 49 USC § 41705(a).

WHEREFORE, I request this Court issue an order granting me the following relief:

"Defendant American Airlines is hereby COMPELLED to reissue Plaintiff Michael Seklecki a letter exempting his son from the mask mandate that removes the restrictions that he must provide the airline a negative COVID-19 test before checking in and give at least seven days advance notice before his son is traveling to obtain any future mask exemptions. *See* 14 CFR §§ 382.25 & 382.33(a)."

**L.R. 7.1(a)(2) Consultation Statement**
Chris Duggan told me Feb. 24 that American Airlines opposes this motion.

Stephen Pezzi told me Feb. 22 that the Federal Defendants take no position on this motion.

Respectfully submitted this 4th day of March 2022.

*Michael Seklecki*

Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.
Apt. 101
1400 Encore Pl.
Lake Mary, FL 32746
Telephone: 321-666-4353
E-Mail: SekleckiMichael52@gmail.com