UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SEKLECKI**, *on behalf of himself and his minor child M.S.*, | : : : | |
| Plaintiff, | : : | Case No. 1:22-cv-10155-PBS |
| v. | : : | District Judge Patti Saris |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.*, | : : : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT AMERICAN AIRLINES TO IMMEDIATELY REFUND THE MONEY FOR THE TICKETS IT REFUSED TO HONOR & REIMBURSE THE FARE DIFFERENCE BETWEEN THOSE TICKETS & THE ONES I HAD TO PURCHASE ON DELTA AIR LINES**

COMES NOW plaintiff, *pro se*, and moves for an order compelling Defendant American Airlines to immediately refund $145.20, the value of the two tickets American refused to honor Feb. 22 at Miami airport when it rejected checking my son and me in for our flight to Manchester, New Hampshire, to attend his 11 a.m. Feb. 23 appointment at Massachusetts General Hospital. The details of this incident are described in Doc. 74 and the nine exhibits thereto, which I incorporate into this motion by reference.

I also ask that American be compelled to immediately pay me the fare difference between the two tickets it refused to honor solely because of my son's disability – despite the fact American's lawyers presented us with a mask-exemption letter (Doc. 74-3) – and the much more expensive tickets we had to buy at the last minute on Delta Air Lines so my son did not miss his critical healthcare appointment. I recall the Delta tickets being about $250 each, a total of about $500. I logged into my Delta SkyMiles account this morning to download the receipt for these tickets, but received an error message. I tried calling Delta customer service, but received a message that the estimated hold time would be 3 hours 20 minutes. I

1

hung up as I am not able to hold for that long right now. I will obtain these receipts and file them as an addendum to this motion. I estimate the fare difference is about $500 minus $145.20 = about $354.80.

The evening of Feb. 22, shortly after American refused to check us in because my son can't wear a mask even though we received the medical waiver from the airline thanks to this Court's intervention at two hearings, I spoke on the phone with American counsel Chris Duggan. Mr. Duggan informed me he would work with his client to get my American tickets refused and see if it would agree to also cover the fare difference.

Having heard nothing more on this subject, I e-mailed American lawyers Mr. Duggan, Polly Jacquet, and Roy Goldberg on March 1 to inquire why the refund hadn't been posted to the credit card of my friend who lent me the money since my wife and I were in the process of moving and were swamped with expenses. Ex. 1. Mr. Duggan responded March 1 that "American is looking into the events." *Id*. The next day, he wrote that "American is researching the incident in Miami to determine if a refund is due," despite us having being refused transportation because of M.S.' disability. *Id*. He further wrote that American will go through a process, make a determination, initiate a refund within seven days after that, and the credits should appear on my friend's Visa statement up to two months after that. *Id*.

I responded to Mr. Duggan later March 2 that all of the above was nonsense and if American did not issue the refunds within the next week, I would seek the Court's intervention and my friend said he would file a fraud complaint with his bank against the airline. *Id*. The week passed and I heard nothing from American's lawyers. No refunds were issued.

Today my friend filed fraud complaints (one for each ticket) with his bank to stop payment. Exs. 2. The bank will now investigate to verify that American committed fraud by selling tickets it refused to honor.

The Court, although not issuing a formal order, spoke in no uncertain terms during the two February hearings in this case that it expected American to accommodate my son's need to fly maskless to Boston for his urgent medical treatment. Although falling shot of contempt since an order did not issue, American

nonetheless thumbed its nose at the Court and my family by failing to honor its pledge to the Court that it would transport us. Justice demands American not only refund the two fraudulently dishonored tickets, but also the fare difference I had to pay to another airline that was willing to obey the law and fly us.

If these damages are not typically awardable at this early stage of litigation, the Court should issue them as sanctions against American for refusing us transportation despite giving us a mask-exemption letter after two court hearings. The Court should not tolerate this sort of outrageous conduct by American and its counsel. My family needs this money urgently to reimburse the friend who lent us money and to pay bills due this month, including copays for my son's extensive and expensive medical treatment.

WHEREFORE, I request this Court issue an order granting me the following relief:

"Defendant American Airlines is hereby COMPELLED to refund Plaintiff Michael Seklecki $145.20 for the two plane tickets it refused to honor Feb. 22, 2022, at Miami International Airport because of his son's disability, despite the fact American issued M.S. a mask-exemption letter at the strong suggestion of this Court following two hearings.

Defendant American is further COMPELLED to pay Mr. Seklecki the fare difference between the tickets he had to purchase last minute to fly with his son on Delta instead after American refused to transport them. Mr. Seklecki estimates the fare difference is about $354.80. He shall file an addendum with the Delta receipts displaying the exact amount paid for those substitute tickets, and American shall refund that amount minus $145.20.

Defendant American is further COMPELLED to issue the refunds and pay the fare difference no later than seven days after the date this Order is entered or the date Mr. Seklecki files the Delta receipts, whichever occurs later."

**L.R. 7.1(a)(2) Consultation Statement**
I contacted counsel for American Airlines Feb. 22 and March 1, 2, and 9 in attempts to resolve this dispute. American did not issue the requested refunds and payment.

This motion does not involve the Federal Defendants.

Respectfully submitted this 10th day of March 2022.

*Michael Seklecki*

Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.
Apt. 101
1400 Encore Pl.
Lake Mary, FL 32746
Telephone: 321-666-4353
E-Mail: SekleckiMichael52@gmail.com