UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SEKLECKI, *on behalf of himself and his minor child M.S.*, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 1:22-cv-10155-PBS |
| v. | : | |
| | : | District Judge Patti Saris |
| CENTERS FOR DISEASE CONTROL & PREVENTION *et al.*, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT AMERICAN AIRLINES' COUNSEL

COMES NOW plaintiff, *pro se*, and moves pursuant to Fed.R.Civ.P. 11 for an order sanctioning Christopher Duggan and Roy Goldberg, counsel for Defendant American Airlines, for lying in papers filed with this Court on March 1 by stating American accommodated my son's disability on our flight from Miami, Florida, to Manchester, New Hampshire, to attend M.S.' 11 a.m. Feb. 23 appointment for critical healthcare at Massachusetts General Hospital. Doc. 68. The sanctions should include: A) a monetary fine, paid either to the Court or myself; and B) termination of Mr. Goldberg's admission to practice in this Court for this case *pro hac vice*.

I. STATEMENT OF FACTS

I alerted the Court yesterday to the egregious conduct by American's attorneys. Doc. 84. They made numerous false statements that should not only be rebutted but sanctioned under Fed.R.Civ.P. 11. The Court should be shocked and disgusted at the lies these two lawyers are telling in an attempt to prevent my little boy from getting to his critical specialized medical appointments in Boston. The first three are definitely sanctionable fabrications. Points 4 and 5 are borderline.

1.  "This claim is now moot. The Airline Defendants in fact made it possible for Plaintiff's son to fly between Florida and the Boston area without having to wear a face mask for that trip and the child was able to keep his appointments." Doc. 68 at 2-3. In truth, American refused to allow my and son and me to fly despite having issued M.S. a mask-exemption letter at the direction of this Court. My full statement about this incident and nine attached exhibits are at Doc. 74, which I incorporate into this motion by reference. American has not presented any evidence contradicting my account of the Feb. 22 denied check-in at Miami airport nor showing that we were allowed to take that flight. American did not make it possible for my son to fly that day, it REFUSED to transport us (and then declined to refund our money for the ticket we were prohibited from using; Doc. 86). My son only made his Feb. 23 appointment at Massachusetts General Hospital because we were able to buy last-minute tickets (at triple the cost) on another airline after American refused to check us in despite having given my son a mask exemption.

2.  "To the extent Seklecki's motion sought an order related to flights to and from Boston on February 22 and 23, the motion is moot. The Airlines accommodated Seklecki and his son in a manner consistent with the FTMM and CDC and DOT guidance and Seklecki and his son made his appointments to Boston." Doc. 68 at 9. *But see* Doc. 74. I'm not sure what universe American's lawyers inhabit, but here in this solar system refusing to check in a 4-year-old disabled boy holding an exemption letter from the airline because he can't safely wear a mask is not in any way "accommodating" us. This is another sanctionable lie under Rule 11. Rather than mooting my motion, American's conduct Feb. 22 at Miami airport illustrates exactly why the Court must issue an injunction to protect us from American's future attempts to "accommodate" us by refusing to even print our boarding passes, let alone allow us on the aircraft.

3.  "Indeed, both American and Southwest have in fact granted mask exemptions to Plaintiff's 4-year-old son which allowed the son to fly between Florida and the Boston area without having to wear

a mask…" Doc. 68 at 19. *But see* Doc. 74. This is the third sanctionable fabrication told by American's lawyers. American issued a mask-exemption letter, but refused to check us in. It did not "allow" us to fly anywhere. Had tickets not been available on another carrier at the last minute, we would have been stranded in Miami and missed M.S.' 11 a.m. Feb. 23 appointment with a specialist at Massachusetts General Hospital that we had to schedule three months in advance.

4. American's procedures have not "worked for the Seklecki family." Doc. 68 at 19. We were refused transport despite having a mask-exemption letter from the airlines' managing director of legal affairs, which check-in agents refused to even look at! Doc. 74.

5. "The Airline Defendants have gone to great lengths to accommodate requests for his young son…" Doc. 78 at 4. False. American declined to permit my son to fly even with a mask exemption.

## II. ARGUMENT

### A. Mr. Duggan and Mr. Goldberg's false statements violate Rule 11.

 "By presenting to the court a pleading, written motion, or other paper … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: … (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b). Here there can be no reasonable explanation why these two attorneys lied to the Court by stating American Airlines flew us to New England from Miami on Feb. 22.

I spoke to Mr. Duggan on the phone the evening at Feb. 22 shortly after American refused to check us in and proposed Defendant Innolene Doe would not even look at the mask-exemption letter issued by proposed Defendant Paul Soares, American's managing director of legal affairs. Mr. Duggan was instantly aware of the situation. I further discussed American's refusal to transport us with Mr. Duggan and Mr. Goldberg in countless e-mails the next few days.

On March 4, I filed an Addendum to my Motions for Preliminary Injunction Informing Court American Airlines Prohibited My Son from Flying Feb. 22 Despite Issuing Him a Mask-Exemption Letter to explain the denial of transportation and I attached nine exhibits including a sworn declaration. Doc. 74. Had Mr. Duggan and Mr. Goldberg not fully understood the true facts of what happened between their client and me Feb. 22 at Miami airport, they certainly should have after these documents were filed six days ago.

I made a good-faith effort March 9 to resolve this motion with Mr. Duggan and Mr. Goldberg, noting I planned to file this motion unless "American will correct these outrageous fabrications that violate Rule 11's requirement that counsel present the truth to the court." In a response later that day, Mr. Goldberg maintained that the fabricated statements are correct and called the true facts "baseless allegations," threatening me if I seek sanctions. He declined to withdraw the challenged statements, therefore I am left with no other option but to move for sanctions.

Under Rule 11, a court has discretion to award sanctions: 1) when a party files a document that has no reasonable factual basis; 2) when a party files a document that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or 3) when a party files a document in bad faith for an improper purpose. *Provitola v. Comer*, No. 6:20-cv-862, 2021 WL 1079500 at *5 (M.D. Fla. March 4, 2021) (citing *Worldwide Primates v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996)). Here we are dealing mostly with #1, but also with #3.

Case law "provides the standard and a two-step inquiry for courts to utilize in determining whether sanctions are appropriate: The objective standard for testing conduct under Rule 11 is 'reasonableness under the circumstances' and 'what was reasonable to believe at the time' the [document] was submitted. This court requires a two-step inquiry as to (1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous…" *Provitola* at *5 (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (internal citations omitted)).

"Frivolous" is defined as "having no sound basis (as in fact or law)."[1] That definitely applies to the five statements I flagged in Section I. Although the Airline Defendants offer some reasonable (although wrong) arguments against my motion for a preliminary injunction to cease their mask discrimination policies, it can't be plausibly disputed that the five statements have no sound basis in fact since American refused to transport us Feb. 22 and the airline has not produced any evidence that we were allowed to board the flight.

"The purpose of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Kaplan v. DaimlerChrysler*, 331 F.3d 1251, 1255 (11th Cir. 2003) (citation and quotation omitted). The American lawyers' falsehoods that we were accommodated on that American flight Feb. 22 was not "formed after an inquiry reasonable under the circumstances" as required by Rule 11(b).

**B. Counsel made no reasonable inquiry before claiming frivolously that we were allowed to take the Feb. 22 American flight.**

Fed.R.Civ.P. 11 imposes a duty to make a reasonable inquiry before filing any written document to ensure that the assertions are not objectively frivolous. *See Kaplan v. Burrows*, No. 6:10-cv-95, 2011 U.S. Dist. LEXIS 125653 at *18 (M.D. Fla. Sept. 6, 2011).

This is not a matter of counsel not being aware of the true facts and relying on false information mistakenly or purposefully provided by a client. Mr. Duggan was informed of the denied check-in within an hour or two of the incident Feb. 22. He, Mr. Goldberg, and I exchanged numerous e-mails about the debacle in the following days. They assured me American was investigating what happened. Yet a week after the refusal of transportation due only to my son's disability, the attorneys filed the Airline Defendants' opposition to my motion for preliminary injunction containing the five blatant mistruths. Doc. 68. Three days later, I filed extensive papers documenting the Feb. 22 devastating denial. Lest there were any

---

[1] https://www.merriam-webster.com/dictionary/frivolous (visited March 10, 2022)

confusion beforehand, counsel now had my sworn declaration and eight other exhibits to review. Doc. 74. Yet on March 9 when I asked them to withdraw the scandalous statements made in Doc. 68, Mr. Goldberg refused and dug in about the accuracy of the lies that American flew us that day.

This type of misconduct is precisely why I opposed Mr. Duggan's motion to admit Mr. Goldberg *pro hac vice* in this case (and moved to vacate the Court's order granting said motion before allowing me an opportunity to timely respond). I incorporate my combined opposition and motion to vacate into this motion by reference. Doc. 61. I submitted 20 pages of facts and arguments regarding Mr. Goldberg's track record of mistreating disabled *pro se* litigants battling airlines over discrimination, and I attached four exhibits including a declaration from Aaron Abadi that he is his going to soon sue Mr. Goldberg for conspiracy to violate civil rights.

I argued Feb. 21 that: A) Mr. Goldberg is aiding and abetting the Airline Defendants' conspiracy to interfere with the civil rights of the disabled by telling them to break the law in numerous ways, violating not only the law but also canons of legal ethics; B) Mr. Goldberg's conduct toward disabled *pro se* litigants is deplorable and violates the canons of legal ethics; C) Mr. Goldberg's harassment of disabled *pro se* litigants includes libelous unfounded allegations that the lead plaintiff in another discrimination case is committing unauthorized practice of law; and D) Mr. Goldberg's misconduct and upcoming status as a defendant charged with conspiring to interfere with the civil rights of the disabled mean this Court should not admit him *pro hac vice*. Doing so would cause prejudice by likely delaying the adjudication of my claims. *Id*.

Mr. Duggan filed a 10-page response defending Mr. Goldberg on Feb. 22, incidentally about the time American Airlines was refusing to check my son and me in for our flight to Manchester. Doc. 62. Despite 30 pages of total briefing on the important issues of Mr. Goldberg's misconduct, the Court denied my motion to vacate in a text order March 3 without any explanation. Doc. 77. I urge the Court to now revisit that decision.

6

## III. CONCLUSION

Lawyers are permitted, and have an ethical duty, to zealously represent their clients. But that zealously does not include signing briefs that contain facts and statements the attorneys know are not just inaccurate, but actually lies intended to steer the Court to determine a motion in favor of their client. Mr. Duggan and Mr. Goldberg published at least five of these lies in Doc. 68. Perhaps American disputes some of the facts about *why* it refused to transport my son and me Feb. 22 despite the mask-exemption letter the defendant issued us after two court hearings. American has failed to provide the Court or me with any explanation as to why it declined to check us in and then would not even refund our dishonored tickets. But the fact that American did not transport us Feb. 22 because my son can't wear a mask has not been disputed. If American believes I am the one not telling the truth, it's had more than two weeks to file evidence showing that we were on the final flight manifest that day. It has not done so.

I reached out to Mr. Duggan and Mr. Goldberg in attempt to resolve this issue by simply asking for the falsehoods to be withdrawn. Mr. Goldberg declined. Now I must ask the Court to step in and rectify this situation.

WHEREFORE, I request this Court issue an order granting me the following relief. I'm not a lawyer. I don't know what a typical monetary penalty is for lying to the Court. I don't know if that money typically is paid to the Court or to the plaintiff. I propose an amount and naturally would like it paid to me, but I of course defer to the Court's sound judgment on what is most appropriate given the circumstances.

"Upon consideration of Plaintiff's Motion for Sanctions Against Defendant American Airlines' Counsel, submitted March 10, 2022, the motion is GRANTED. Attorneys Christopher Duggan and Roy Goldberg are hereby SANCTIONED pursuant to Fed.R.Civ.P. 11 for submitting five false statements to the Court in Doc. 68 and then failing to withdraw them after notified by Plaintiff Michael Seklecki.

Mr. Duggan and Mr. Goldberg are ORDERED to pay Mr. Seklecki a sanction of $5,000 each within 10 days of the date this Order is issued.

It is further ORDERED that the five statements identified by Mr. Seklecki are STRICKEN from Doc. 68.

It is further ORDERED that upon reconsideration, the Court grants Mr. Seklecki's Motion to Vacate (Doc. 60). The Court's Order (Doc. 14) admitting Mr. Goldberg *pro hac vice* is hereby VACATED. Mr. Goldberg may no longer represent any defendant in this case.

The Court strongly cautions Mr. Duggan that any further violations of the Federal Rules of Civil Procedure will result in his removal from his case as well."


**L.R. 7.1(a)(2) Consultation Statement**
Stephen Pezzi told me March 9 that the Federal Defendants take no position on this motion.

Roy Goldberg told me March 9 that the Airline Defendants oppose this motion.


Respectfully submitted this 10th day of March 2022.

*Michael Seklecki*

Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.
Apt. 101
1400 Encore Pl.
Lake Mary, FL 32746
Telephone: 321-666-4353
E-Mail: SekleckiMichael52@gmail.com