UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL SEKLECKI,** *on behalf of himself and his minor child M.S.,* : : : | |
| Plaintiff, : : | |
| : | Case No. 1:22-cv-10155-PBS |
| v. : : | |
| : | District Judge Patti Saris |
| **CENTERS FOR DISEASE CONTROL & PREVENTION** *et al.,* : : : | |
| Defendants. : | |

**PLAINTIFF'S RESPONSE TO FEDERAL DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW plaintiff, *pro se*, and responds to the Federal Defendants' Notice of Supplemental Authority filed March 15. Doc. 90. These defendants alert the Court to a motion for preliminary injunction to block enforcement of the Federal Transportation Mask Mandate ("FTMM") denied in another judicial district in *Wall v. CDC,* No. 6:21-cv-975 (M.D. Fla.).

The Federal Defendants falsely assert that "the plaintiff in that case, Mr. Lucas Wall, brings claims that are nearly identical to the claims brought by the Plaintiff in this case, Mr. Michael Seklecki." Doc. 90 at 1. My claims are not "nearly identical" to Mr. Wall's. I am my own person, suing on behalf of myself and my 4-year-old son, and bring my own factual circumstances to this case. Also it's important that the Court not give any weight to the decision denying the preliminary injunction in *Wall* due to the Florida judge's longstanding bias and hostility toward Mr. Wall. This also shows why transfer of my case to the Middle District of Florida, as all defendants demand, would be extremely prejudicial and should be denied.

The *Wall* decision cited by the Federal Defendants was based on numerous erroneous findings of fact not supported by the record, including:

1

1. Mr. Wall's "Motion fails to identify any other exigency justifying the issuance of a preliminary injunction against the Federal Defendants' enforcement of the FTMM." Doc. 90-1 at 5. In reality, the record shows Mr. Wall filed several notices informing the Court of his urgent need to fly to Germany to look after his younger brother, who resides there and is suffering mental-health problems stemming from the recent dissolution of his marriage.

2. "Even accepting as true Plaintiff's unsupported claim that his medical conditions prevent him from wearing a mask…" *Id*. at 5. In reality, the record includes a letter from Mr. Wall's physician stating that he should not wear a mask due to a medical disability.

3. "Plaintiff fails to demonstrate that he has exhausted the procedure for obtaining an exemption from the FTMM for his prospective trip to Germany." *Id*. at 5. In reality, the record shows Mr. Wall submitted numerous mask-exemption requests to several airlines, all of which were denied. The order itself notes that Mr. Wall wrote "I have not attempted to obtain a mask exemption for this next flight because doing so would be futile given the illegal procedures United [Airlines] may use as stated in the FTMM." *Id.* at 5, FN 9.

4. "And the outright refusal to wear a mask, without possessing a valid exemption from the FTMM, is a voluntary choice, not irreparable harm." *Id*. at 5. In reality, the record shows Mr. Wall does not "refuse" to wear a mask. He, like my son and myself, is medically unable to safely wear a mask. As noted above, the record also includes Mr. Wall filed a doctor's note exempting him from the FTMM, but the airlines refuse to honor it.

5. "Plaintiff can still fly in compliance with the FTMM…" *Id*. at 6. In reality, the record shows Mr. Wall is medically unable to safely cover his nose and mouth. Therefore he is unable to fly in compliance with the *ultra vires* FTMM.

6. "[T]he likelihood that Plaintiff will decide to continue delaying his vacation to Germany during the pendency of this action… The inconvenience to Plaintiff of rescheduling his European sojourn is

not an irreparable injury." *Id*. at 6. In reality, the record shows Mr. Wall is trying to fly to Germany to take care of brother, not to take a "vacation" or go on a "European sojourn." The Court's erroneous and insulting statements that Mr. Wall is going a holiday contradicts all the evidence indicating that he needs to fly to take care of his brother. The Court even admitted this earlier in the order: "Plaintiff, wanting to fly to Germany to visit his family…" *Id*. at 1-2.

7. The record shows Mr. Wall did not "refuse to refile his preliminary injunction motion in in compliance with the Local Rules." *Id*. at 8. According to the record, Mr. Wall filed one PI motion against the FTMM and one against the International Traveler Testing Requirement, both of which complied with the Local Rules' page limits. After the magistrate judge improperly struck them, he allowed the Federal Defendants 30 days to respond to a subsequent combined PI motion instead of the seven days allowed by rule, which essentially mooted Mr. Wall's motions because he had a long series of flights booked in the next 30-40 days, all of which he was forced to cancel due to the elongated deadline extension. Mr. Wall filed again for a PI months later when he had a new flight booked (to visit his brother in Germany).

8. "Plaintiff's egregious – and unexplained – inaction clearly exposes his lack of irreparable injury." *Id*. at 9. In reality, the record shows Mr. Wall clearly explained he was forced by the Court to abandon his first PI motions because of the massive deadline extension provided to the Federal Defendants, meaning he would miss all of his flights while awaiting briefing and a decision. He refiled when he had another upcoming flight scheduled.

9. The Florida judge then goes on about Mr. Wall's "sanctionable conduct" when in fact Mr. Wall has always complied with the Local Rules, including the one requiring that an emergency or time-sensitive motion be so designated by the filer. "[T]he Court again explained that Plaintiff's travel plans do not rise to the level of exigency that justifies expedited relief and repeated its sanctions

3

warning." *Id*. at 10-13. In reality, the record shows Mr. Wall's exigency of needing to fly to Germany – the only mode of transportation available – to care for a family member in crisis. If that circumstance is not an emergency or time-sensitive, I don't know what would qualify.

10. The Florida judge criticized Mr. Wall for filing repeated Notices of International Flight Rebooking as Mr. Wall was forced to change his plane ticket to Germany numerous times because the court would not issue a decision on the motion for preliminary injunction for 2½ months despite the documented family crisis. But the record shows Mr. Wall needed to file such notices of his flight changes, lest the motion be denied as moot.

Respectfully submitted this 16th day of March 2022.

*Michael Seklecki*
Michael Seklecki, plaintiff on behalf of myself and my minor child M.S.
Apt. 101
1400 Encore Pl.
Lake Mary, FL 32746
Telephone: 321-666-4353
E-Mail: SekleckiMichael52@gmail.com