UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SEKLECKI,<br><br>                Plaintiff,<br><br>    v.<br><br>CENTERS FOR DISEASE CONTROL<br>AND PREVENTION, *et al.*,<br><br>                Defendants. | Case No. 1:22-cv-10155-PBS |

**FEDERAL DEFENDANTS' MOTION TO STAY ANSWER DEADLINE
PENDING RESOLUTION OF DISPOSITIVE MOTIONS**

Federal Defendants respectfully request that the Court stay their deadline (April 18) to answer or otherwise respond to Plaintiff's complaint, pending resolution of dispositive motions. As good cause for this request, Federal Defendants offer the following:

1. Plaintiff, Mr. Michael Seklecki, pro se, filed this action on January 28, 2022. ECF No. 1. Mr. Seklecki brings claims against the Centers for Disease Control and Prevention (CDC) and the Department of Health and Human Services (HHS) (collectively, "Federal Defendants"). Mr. Seklecki also brings claims against various airlines and unidentified airline employees.

2. Mr. Seklecki brings eleven claims challenging the CDC's transportation mask order. He alleges that the CDC's order violates (1) statutory limitations on the agency's authority, Compl. ¶¶ 495-98; (2) the procedural requirements of the Administrative Procedure Act (APA), *id.* ¶¶ 499-507; (3) the substantive requirements of the APA, *id.* ¶¶ 508-15; (4) the non-delegation doctrine, *id.* ¶¶ 516-23; (5) the Tenth Amendment, *id.* ¶¶ 524-31; (6) the Fifth Amendment, *id.* ¶¶ 532-40; (7) the right to travel, *id.* ¶¶ 541-48; (8) the Air Carrier Access Act, *id.* ¶¶ 549-63; (9) the Federal Food, Drug,

and Cosmetic Act, *id.* ¶¶ 563-85; (10) the International Covenant on Civil & Political Rights, *id.* ¶¶ 586-95; and (11) the Convention on International Civil Aviation, *id.* ¶¶ 596-601.

3. Mr. Seklecki moved for a preliminary injunction against the Federal Defendants on February 3. ECF No. 15. The Federal Defendants moved to transfer to the Middle District of Florida on February 16. ECF Nos. 46, 47. Both of those motions are now fully briefed and ripe for decision.

4. Federal Defendants' deadline to answer or otherwise respond to Plaintiff's complaint is April 18. *See* ECF No. 40; Fed. R. Civ. P. 12(a)(2).

5. This an Administrative Procedure Act case, which raises only purely legal claims, all of which can and should ultimately be resolved on the basis of cross-motions for summary judgment on an administrative record, whether in this Court or in the proposed transferee forum. *See, e.g.*, *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."). No fact-finding will be necessary. *See, e.g.*, *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

6. Federal Defendants respectfully submit that, in an APA case like this one, their preparation and filing of an answer to Plaintiff's complaint would not meaningfully advance the litigation, and would not serve the interests of judicial and party economy. That is especially true where, as here, the complaint is 124 pages long, and contains 783 numbered paragraphs and seven introductory pages of argument. Instead, once the pending motions for a preliminary injunction and to transfer are decided, the case should be decided on cross-motions for summary judgment on the basis of the administrative record that Federal Defendants will soon produce.

7. Before filing this motion, counsel for Federal Defendants conferred with Mr. Seklecki. Mr. Seklecki noted that he "agree[d] the Answer would not help this case much in terms of my claims vs. CDC and HHS." Ex. 1, Email of March 15, 2022. He further noted that he "do[es] not wish to force" Federal Defendants "to jump through hoops that serve no purpose in advancing [his] case to a speedy judgment." *Id.* Mr. Seklecki ultimately reported his position as follows: "No objection to

your request to stay the Answer provided that the Federal Defendants agree that the deadline to respond to the Complaint will be the deadline to file your motion for summary judgment."[1]

8. Federal Defendants are willing to work with Mr. Seklecki to reach agreement on a sensible schedule for briefing cross-motions for summary judgment, as all seem to agree that this case will ultimately be resolved on that basis. In the interest of efficiency and judicial economy, however, Federal Defendants respectfully submit that the parties should confer and propose such a schedule *after* the Court has resolved their pending transfer motion, *see, e.g.*, *In re Apple Inc.,* 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority.")—and, if the case then remains in this district, *after* the Court has resolved Mr. Seklecki's preliminary-injunction motion. That sequence would ensure "that another district court . . . not burden itself with the merits of the action until it is decided [whether] a transfer should be effected," as "[j]udicial economy requires." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970). It would also avoid the potential for duplicative briefing: if the case is transferred, the merits could be consolidated with the *Wall* litigation, where summary-judgment briefing is underway, and if it remains in this district, this Court's resolution of the preliminary-injunction motion may inform briefing and resolution of the merits. (In addition, any briefing schedule would need to provide a deadline for Federal Defendants to produce the administrative record.) Accordingly, Federal Defendants do not agree with Mr. Seklecki's suggestion in his position statement that the deadline for their summary-judgment motion should be set now, for April 18. In any event, the Court need not set any summary-judgment schedule at this time—the only request for relief in this filing is for a stay of Federal Defendants' answer deadline.

9. For these reasons, Federal Defendants respectfully request that their deadline to answer or otherwise respond to the complaint be stayed pending resolution of the parties' dispositive motions.

---

[1] For the sake of completeness, the full email exchange is attached to this filing as Exhibit 1.

Dated: March 18, 2022					Respectfully submitted,

								BRIAN M. BOYNTON
								Principal Deputy Assistant Attorney General

								RACHAEL S. ROLLINS
								United States Attorney

								ERIC B. BECKENHAUER
								Assistant Branch Director

						By:	<u>/s/ Stephen M. Pezzi</u>
								STEPHEN M. PEZZI
								ANDREW F. FREIDAH
								  Trial Attorneys
								United States Department of Justice
								Civil Division
								Federal Programs Branch
								1100 L Street NW
								Washington, DC 20005
								Telephone: 202-305-8576
								Email: stephen.pezzi@usdoj.gov

								*Counsel for the Federal Defendants*

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

I certify that, pursuant to Local Rule 7.1(a)(2), before filing this motion, counsel for Federal Defendants contacted Mr. Seklecki in a good faith attempt to resolve or narrow the issues. As discussed in the body of this motion, Mr. Seklecki reported his position as follows: "No objection to your request to stay the Answer provided that the Federal Defendants agree that the deadline to respond to the Complaint will be the deadline to file your motion for summary judgment."

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI
Trial Attorney
United States Department of Justice

## CERTIFICATE OF SERVICE

I certify that on March 18, 2022, I caused a true and correct copy of the as-filed version of this filing to be served on all counsel of record via the CM/ECF system. Although Plaintiff is proceeding *pro se*, he has been authorized by the Court to use the CM/ECF system. ECF No. 21. Accordingly, Plaintiff will receive service of this filing through the CM/ECF system.

*/s/ Stephen M. Pezzi*
STEPHEN M. PEZZI
Trial Attorney
United States Department of Justice