UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SEKLECKI, <br><br> Plaintiff, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-10155-PBS |

**FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S CROSS-MOTION
TO SET BRIEFING SCHEDULE FOR SUMMARY JUDGMENT**

Federal Defendants respectfully oppose Plaintiff's cross-motion to set a briefing schedule for summary-judgment motions. After the filing of Plaintiff's cross-motion, the Court granted Federal Defendants' request to stay their answer deadline pending the resolution of dispositive motions. As Federal Defendants explained in that request, it would be inefficient to proceed to summary-judgment briefing before the Court has resolved their transfer motion and, if the case remains in this district, Plaintiff's preliminary injunction motion. Instead, the interests of efficiency and judicial economy would be best served by the parties' conferring and proposing a summary-judgment briefing schedule after those motions have been resolved.

To briefly recount the procedural history, on March 18, 2022, Federal Defendants filed a motion to stay their answer deadline pending the resolution of dispositive motions. ECF No. 94. On March 21, 2022, Plaintiff filed a response and cross-motion, stating that he did not object to the Court's staying Federal Defendants' answer deadline "so long as a schedule is set to brief the dispositive motions." ECF No. 97 at 1. In that filing, Plaintiff cross-moved the Court to set a briefing schedule for summary judgment, under which Federal Defendants' deadline to file the administrative

1

record would be April 4, 2022, cross-motions for summary judgment would be due April 18, 2022, oppositions would be due May 2, 2022, and reply briefs would be due May 9, 2022.[1]  *Id.* at 3-4. Subsequently, on March 22, 2022, this Court granted Federal Defendants' motion to stay their answer deadline, without setting a summary-judgment briefing schedule.  ECF No. 101.

As Federal Defendants explained in their motion to stay their answer deadline, they are willing to work with Mr. Seklecki to reach agreement on a sensible schedule for briefing summary judgment. ECF No. 94 at 3.  However, it would be most efficient for the parties to confer and propose a summary-judgment briefing schedule *after* the Court has resolved Federal Defendants' pending transfer motion, *see, e.g.*, *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020) ("Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority.")—and, if the case then remains in this district, *after* the Court has resolved Mr. Seklecki's preliminary-injunction motion.  That sequence would ensure "that another district court . . . not burden itself with the merits of the action until it is decided [whether] a transfer should be effected," as "[j]udicial economy requires."  *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970).  It would also avoid the potential for duplicative briefing:  if the case is transferred, the merits could be consolidated with the *Wall* litigation, where summary-judgment briefing is underway, and if it remains in this district, this Court's resolution of the preliminary-injunction motion could provide helpful guidance about Plaintiff's claims to both parties, thereby assisting the parties in providing a succinct and efficient presentation of the issues at summary judgment.[2]  *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority

---

[1] Federal Defendants note that Plaintiff did not confer with Federal Defendants regarding his cross-motion, as required by Local Rule 7.1(a)(2).  Plaintiff's response and cross-motion included a consultation statement under Local Rule 7.1(a)(2), ECF No. 97 at 4, but that statement refers to a March 15, 2022, email Mr. Seklecki sent regarding Federal Defendants' motion to stay their answer deadline.  *See* ECF No. 94-1.  Nowhere in that email did Mr. Seklecki refer to an upcoming cross-motion to set a briefing schedule.  *See id.*  Indeed, Mr. Seklecki's email noted that he was "happy to work with" Federal Defendants on a briefing schedule, but he proceeded to file his cross-motion without any further follow-up on the subject.  His cross-motion could therefore be denied on this basis alone.

[2] Furthermore, on March 10, 2022, CDC announced that, in advance of April 18, 2022, it will work with government agencies to inform a revised policy framework for when, and under what

to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). Mr. Seklecki otherwise recognizes the importance of these same efficiency concerns, asserting them as the basis for an upcoming motion to stay briefing on the Airline Defendants' motion to dismiss. *See* Ex. 1, Apr. 2, 2022 Email from M. Seklecki to Defs.' Counsel.[3]

Accordingly, Federal Defendants respectfully submit that Plaintiff's cross-motion to set a summary-judgment briefing schedule should be denied, and that the parties should confer and propose a summary-judgment briefing schedule after the pending transfer motion and preliminary-injunction motion have been resolved.

Dated: April 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

RACHAEL S. ROLLINS
United States Attorney

ERIC B. BECKENHAUER
Assistant Branch Director

By:   /s/ Andrew F. Freidah
STEPHEN M. PEZZI
ANDREW F. FREIDAH
  Trial Attorneys
United States Department of Justice
Civil Division
Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Telephone: 202-305-0879
Email: andrew.f.freidah@usdoj.gov

*Counsel for the Federal Defendants*

---

circumstances, masks should be required in the public transportation corridor. This provides an additional reason why Plaintiff's proposed schedule—which would have summary-judgment briefing begin by that April 18, 2022 date—would be inefficient.

[3] Plaintiff's cross-motion could also be denied as moot—Plaintiff's proposed schedule includes an April 4, 2022 deadline for Federal Defendants to file the administrative record, a proposed deadline which would fall on the date of this filing.

## **CERTIFICATE OF SERVICE**

I certify that on April 4, 2022, I caused a true and correct copy of the as-filed version of this filing to be served on all counsel of record via the CM/ECF system. Although Plaintiff is proceeding *pro se*, he has been authorized by the Court to use the CM/ECF system. ECF No. 21. Accordingly, Plaintiff will receive service of this filing through the CM/ECF system.

*/s/ Andrew F. Freidah*
ANDREW F. FREIDAH
Trial Attorney
United States Department of Justice