IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SEKLECKI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:22-cv-10155-PBS |
| | ) |
| CENTERS FOR DISEASE | ) |
| CONTROL & PREVENTION, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**OPPOSITION OF AIRLINE DEFENDANTS TO PLAINTIFF'S
MOTION TO DELAY INDEFINITELY PLAINTIFF'S RESPONSE TO THE AIRLINE
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT AND ACTION**

Defendants American Airlines, Inc. ("American") and Southwest Airlines Co. ("Southwest") (together "Airline Defendants") oppose the motion of Plaintiff Michael Seklecki ("Seklecki") to delay indefinitely the April 15, 2022 deadline to oppose the Airline Defendants' motion to dismiss the complaint and action, ECF Nos. 109, 110. ECF No. 113. There is no reason to delay briefing and decision on the Motion to Dismiss. Allowing this motion will simply lead to even more needless filings and further waste of judicial time and resources. The issues will be ripe for decision when Seklecki files his timely response.

Seklecki does not claim he needs more time to respond because of any issues presented in the Motion, or even for reasons of a person time conflict. Rather, he prefers to first see a ruling on his pending motion for preliminary injunction against the Airline Defendants to "help [him] better formulate [his] opposition to [the] Motion to Dismiss." ECF No. 113, at 2. That is not a legitimate basis for an open-ended delay, or in fact any delay, in Plaintiff having to respond to the motion to dismiss. Like all parties, Seklecki should have undertaken the appropriate due diligence

and research *before* filing his complaint; rather than wait for the Court to rule on his motions for preliminary injunction so that he can then try to fix the many problems with his claims.

As set forth in the Memorandum of Law in support of the motion to dismiss, ECF No. 110, none of Plaintiff's claims for relief against the Airline Defendants has merit, and this case should be dismissed. The Airline Defendants object to any delay requested by Plaintiff for filing an opposition to the already-submitted motion to dismiss. Plaintiff's tactic here is similar to the procedural games used by the Lucas Wall group in other anti-mask cases: file a Complaint that does not state a claim, wait for a 12(b)(6) motion to be filed, then invent some procedural device to avoid responding to the well-pleaded motion.[1]

If the Court chooses to rule on the pending motions to transfer or preliminary injunction before ruling on the motion to dismiss, that is up to the Court. However, it is not appropriate for Plaintiff to be excused from having to respond in a timely manner to the pending motion to dismiss. The result will be simply a further waste of legal time and judicial resources better devoted elsewhere. For everyone's benefit, the Motion to Dismiss should be addressed promptly.

The Court has set April 26, 2022 for a hearing on all pending motions. The motion to dismiss filed on April 1, 2022, can be fully briefed before the hearing on April 26, and should be included in the hearing.

---

[1] For example, Lucas Wall, the leader of the Americans Against Mask Mandates ("AAMM") coalition did not file a response to the motions to dismiss filed by seven airline defendants in *Lucas Wall v. Southwest Airlines Co., et al.*, Case No. 6:21-cv-01008. Instead, he waited until the deadline to respond to the motions to dismiss to file an Amended Complaint, which mooted the motions to dismiss. *See* Case No. 6:21-cv-01008. ECF No. 61, at 3 (M.D. Fl. Sept. 13, 2021) ("Mr. Wall has a deadline of today (Sept. 13) to file either oppositions to the three Motions to Dismiss or an Amended Complaint. Pursuant to Fed.R.Civ.P. 15(a)(1)(B), Mr. Wall files this Amended Complaint")).

CONCLUSION

For the foregoing reasons, the Airline Defendants request that Plaintiff's motion to stay briefing on the already-filed motion to dismiss be denied.

Respectfully Submitted,

AMERICAN AIRLINES, INC.,
SOUTHWEST AIRLINES CO.,

By their Counsel,

/s/ Christopher A. Duggan
Christopher A. Duggan (BBO No. 544150)
SMITH DUGGAN BUELL & RUFO LLP
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400
Chris.Duggan@SmithDuggan.com

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 728-3005
Email: roy.goldberg@stinson.com
*Admitted Pro Hac Vice*

Dated: April 7, 2022

CERTIFICATE OF SERVICE

I hereby certify that, on this 7th day of April 2022, I caused a true and correct copy of the as-filed version of this filing to be served on all counsel of record via the CM/ECF system. Although Plaintiff is proceeding pro se, he has been authorized by the Court to use the CM/ECF system. ECF No. 21. Accordingly, Plaintiff will receive service of this filing through the CM/ECF system.

/s/ Christopher A. Duggan
Christopher A. Duggan (BBO No. 544150)
