IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL SEKLECKI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:22-cv-10155-PBS |
| CENTERS FOR DISEASE CONTROL & PREVENTION, *et al.*, | ) **FILING REQUESTED DURING JUNE 1, 2022 MOTION HEARING** |
| Defendants. | ) |

**AIRLINE DEFENDANTS' SUPPLEMENTAL SUBMISSION
IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT**

Defendants American Airlines, Inc. ("American") and Southwest Airlines Co. ("Southwest") (collectively, the "Airline Defendants") submit the following in response to questions and requests raised by this Honorable Court during the June 1, 2022 hearing on the motion to dismiss, ECF Nos. 109-110. As set forth below, the U.S. Department of Transportation ("DOT") has in fact promptly tentatively responded to all known administrative complaints against plaintiff Michael Seklecki, Sr. ("Plaintiff") filed against the Airline Defendants. The Complaints initiated by Plaintiff related to flights that were booked for October or November 2021 and none related to the flights in 2022. After Plaintiff filed his Complaints with the DOT, alleging that the Airline Defendants violated the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705, the DOT in February 2022, requested responses from the Airline Defendants to Plaintiff, which DOT and Plaintiff received from the Airline Defendants in mid-March of this year. Further, to the extent that Plaintiff contends that the agency has not acted in a reasonably timely manner, his exclusive avenue of relief, if any, lies in the U.S. Circuit Court of Appeals under 49 U.S.C. § 46110(a).

1.  **Plaintiff Seklecki's Administrative Complaints to the DOT under the ACAA.**

Included with his Complaint in this lawsuit were undated administrative complaints that Plaintiff submitted to the DOT wherein Plaintiff asserted that American's and Southwest's mask enforcement and exemption policies violated the ACAA. *See*, ECF No. 31-1, pgs. 85-86 of 99, Complaint Ex. 19 (Plaintiff's DOT complaint against American) and ECF No. 31-1, pgs. 89-92 of 99, Complaint Ex. 21 (Plaintiff's DOT complaints against Southwest).

Plaintiff's administrative complaints related to flights allegedly booked for October and November 2021. Exhibits 1 and 2 hereto are written requests dated February 11, 2022 and February 15, 2022 from DOT to American and Southwest, respectively, asking for the Airline Defendants to respond to DOT and Plaintiff with regard to Plaintiff's administrative complaints to DOT. Exhibits 3 and 4 are copies of the March 18, 2022 and March 10, 2022 written responses by American and Southwest, respectively, to the DOT requests for responses to the Plaintiff's administrative complaints.

2.  **How to Initiate a Complaint with the DOT.**

The ACAA is implemented through its enabling statute, 14 C.F.R. §382.1. ("The purpose of this part is to carry out the [ACAA].") A person who believes that a carrier has discriminated against him "***may*** seek assistance or file an *informal* complaint at the [DOT] no later than 6 months after the date of the incident" by either going to the DOT website or writing to the DOT. 14 C.F.R. § 382.159(a)(1-2). Here, Mr. Seklecki chose to initiate an informal complaint by completing the form available on the DOT website. *See*, Complaint Exhibits 19 and 21, ECF No. 31-1, pgs. 85-86 and 89-92 of 99. He also had the option of filing "a *formal* complaint under the applicable

procedures of C.F.R. part 302[1]." 14 C.F.R. § 382.159(b). He chose not to do so. Moreover, a person "***must*** file a ***formal complaint*** under this part within six months of the incident . . . to ensure that the [DOT] will investigate the matter." 14 C.F.R. § 382.159(c). Mr. Seklecki did not file a formal complaint.

### 3. The DOT is Required to Investigate Each Complaint It Receives.

Regardless of how a complaint is submitted, investigation is mandatory under the ACAA. 49 U.S.C. § 41705(c) ("The Secretary *shall* investigate each complaint"). Because of this mandate, even if the DOT *fails* to respond to a complaint, as Mr. Seklecki has alleged, that failure does not create a private cause of action. *Segalman v. Southwest Airlines Company*, 895 F.3d 1219, 1226-28 (9th Cir. 2018) ("Although any alleged administrative neglect may be challenged separately, it may not be relied upon by the courts to infer the creation of a private cause of action."); *Love v. Delta Airlines*, 310 F.3d 1347, 1356 n. 11 (11th Cir. 2002) ("The decision whether to investigate is … *not* discretionary and is subject to judicial review.") The judicial review available to Mr. Seklecki is outlined in 49 U.S.C. § 46110. *See* Section 6 below. The "reviewing court has 'exclusive jurisdiction'" over this process. *Segalman* at 1227, quoting 49 U.S.C. § 46110(c).

The Eleventh Circuit confirmed that this interpretation applies to decisions by the DOT "*not* to investigate an ACAA complaint." *Love v. Delta Airlines*, 310 F.3d at 1356 n. 11. The Court noted that:

> the ACAA and its attendant regulations provide three separate enforcement mechanisms. First, the DOT is required to investigate ACAA claims and is given broad powers to sanction air carriers for ACAA violations, Second, air carriers themselves are required to establish ACAA dispute resolution mechanisms. Finally, once the DOT has acted in response to an alleged

---

[1] 14 C.F.R. part 302 outlines detailed requirements regarding the form and process for submitting formal complaints such as: the method of submission, what details need to be included, format of the papers, service of documents, etc.

>ACAA violation, an individual "with a substantial interest" in that action may seek review in a court of appeals.

*Love*, 310 F.3d at 1357. In short, Mr. Seklecki's exclusive avenue for redress of his alleged complaints is through the appropriate Circuit Court of Appeals, not this Court.

### 4. The DOT is Required to Respond to Plaintiff's Administrative Complaints within a "Reasonable Time."

Although administrative agencies have considerable deference in establishing timetables for completing their proceedings, such discretion is not unbounded. Federal agencies such as the DOT are subject to statutory legal requirements that they respond to administrative complaints within a "reasonable time." 5 U.S.C. § 555(b) states: "With due regard for the convenience and necessity of the parties or their representatives and **within a reasonable time**, each agency shall proceed to conclude a matter presented to it." (Emphasis added). In addition, 5 U.S.C. § 706(1) states that a "reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed." *See also* the All Writs Act, 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by an Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.") In determining whether agency delay has been sufficiently egregious to warrant the remedy of mandamus, courts consider the six-factor standard—the so-called "*TRAC* factors"—established in *Telecomms. Research and Action Ctr. (TRAC) v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). Those factors are as follows:

(1) the time agencies take to make decisions must be governed by a rule of reason;

(2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

(3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

> (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79–80 (citations and internal quotation marks omitted). *Compare Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105 (D.D.C. 2005) (given the relevant circumstances, Department of Labor delays in processing applications for permanent labor certifications for aliens were not so unreasonable as to warrant mandamus relief, even though delays ranged from two to four years); with *Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 30 (D.D.C. 2000) (delay of over two years in processing Indian tribe's petition for federal recognition was unreasonable, warranting issuance of writ of mandamus); *Public Citizen Health Research Group, supra,* 724 F. Supp. 1013 (seven year delay in agency action warranted injunction requiring FDA to promulgate regulation within two months).

Given that DOT requested American and Southwest to respond to Plaintiff's complaints in February 2022, and received the Airline Defendants' responses in March 2022, were a court to apply the *TRAC* factors, it would be compelled to find that the DOT has not taken an improper amount of time to act on the complaints. Further, not only is DOT not a party to this case but, as the statute makes clear, jurisdiction to review the timeliness of the agency action is exclusive to the U.S. Circuit Court of Appeals.

     **5.**     **The Circuit Courts Possess Exclusive Jurisdiction to Order DOT to Respond to Plaintiff's Administrative Complaints within a "Reasonable Time."**

If a legal challenge is to be made to the timeliness of DOT's responses to Plaintiff's administrative complaints under the ACAA, it would need to be pursued in the U.S. Circuit Court of Appeals, pursuant to 49 U.S.C. § 46110. Section 46110 states:

**(a) FILING AND VENUE.** —

> Except for an order related to a foreign air carrier subject to disapproval by the President under section 41307 or 41509(f) of this title, a person disclosing a substantial interest in an order issued by the Secretary of Transportation . . . may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. The petition must be filed not later than 60 days after the order is issued. The court may allow the petition to be filed after the 60th day only if there are reasonable grounds for not filing by the 60th day.

This statutory provision regarding review of DOT actions is exclusive to the Circuit Courts of Appeal. *See Paralyzed Veterans of America v. DOT*, 909 F.3d 438, 443-44 (D.C. Cir. 2018) (Circuit Court had exclusive jurisdiction to consider DOT rule); *Conservation Force v. Delta Air Lines, Inc.*, 190 F. Supp. 3d 606, 618 (N.D. Tex. 2016) ("federal courts of appeals have exclusive jurisdiction over challenges to DOT-issued certificates"); *Ligon v. LaHood*, 614 F.3d 150, 154 (5th Cir. 2010) ("It is well settled that the review of any order of the FAA Administrator must be taken in a court of appeals").

Because the Circuit Court possesses exclusive jurisdiction to review challenges to DOT acts and omissions, only the Circuit Court has jurisdiction to issue a writ of mandamus to command the DOT to act on an administrative complaint under the ACAA. In *TRAC, supra*, 750 F.2d at 75, the Court stated:

> We think it is clear—and no party disputes this point—that the statutory commitment of review of FCC action to the Court of Appeals, read in conjunction with the All Writs Act, 28 U.S.C. § 1651(a) (1982), affords this court jurisdiction over claims of unreasonable Commission delay. Exclusive jurisdiction over review of final FCC orders is vested in the Court of Appeals by 28 U.S.C. § 2342(1) (1982) and 47 U.S.C. § 402(a) (1982). . . . Here, of course, there is no final order—indeed, the lack of a final order is the very gravamen of the petitioners' complaint. This lack of finality, however, does not automatically preclude our jurisdiction.

*See id*. at 76 ("Because the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may resolve claims of unreasonable delay in order to protect its future jurisdiction"); *In re Natural Resources Defense Council*, 956 F.3d 1134, 1136 (9th Cir. 2020) ("Because we would have jurisdiction to review the EPA's final decision resolving NRDC's petition . . . we have jurisdiction here" to decide whether to grant the "extraordinary remedy of mandamus" to address the EPA's "more than 10-year delay in responding to administrative petition").

In *TRAC*, the D.C. Circuit also stated:

> We also conclude that our present jurisdiction over claims that affect our future statutory review authority is exclusive. It is well settled that even where Congress has not expressly stated that statutory jurisdiction is "exclusive," as it has here with regard to final FCC actions, a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute. . . . By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power. It would be anomalous to hold that this grant of authority only strips the District Court of general federal question jurisdiction under 28 U.S.C. § 1331 (1982) when the Circuit Court has present jurisdiction under a special review statute, but not when the Circuit Court has immediate jurisdiction under the All Writs Act in aid of its future statutory review power.
>
> The District Court also lacks jurisdiction under both the All Writs Act, 28 U.S.C. 1651(a) and the mandamus statute, 28 U.S.C. § 1361 (1982). The All Writs Act is not an independent grant of jurisdiction to a court; it merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief. . . . Because the District Court has no present or future jurisdiction over agency actions assigned by statute to appellate court review, it can contemplate no exercise of jurisdiction that mandamus might aid.

750 F.2d at 77-78.   Thus, it is clear that a legal challenge to the timeliness of DOT's responses to Plaintiff's administrative complaints would need to be filed, if at all, in the Circuit Court.

      6.      **American Airlines and Southwest Airlines Contracts of Carriage.**

Finally, at the June 1 hearing, the Court requested copies of the American Airlines and Southwest Airlines Contracts of Carriage. These attached as Exhibits 5 and 6.

## CONCLUSION

The DOT has not ignored Plaintiff's administrative complaints under the ACAA against American and Southwest. To the contrary, DOT requested and received airline responses in March 2022, and presumably will issue decisions in the future. Further, to the extent that Plaintiff maintains that the agency has not acted within a reasonable time period, his sole avenue of relief, if any, would be to challenge the lack of agency decisions in the appropriate Circuit Court under 49 U.S.C. § 46110.

Respectfully Submitted,

AMERICAN AIRLINES, INC.,
SOUTHWEST AIRLINES CO.,
By their Counsel,
/s/ Christopher A. Duggan
Christopher A. Duggan (BBO No. 544150)
SMITH DUGGAN BUELL & RUFO LLP
55 Old Bedford Road
Lincoln, MA 01773
(617) 228-4400
Email: Chris.Duggan@SmithDuggan.com

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, D.C. 20006
(202) 728-3005
Email: roy.goldberg@stinson.com
*Admitted Pro Hac Vice*

Dated: June 10, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of June, 2022, I caused a true and correct copy of the as-filed version of the above Supplemental Submission of the Airline Defendants to be served on all parties of record under the CM/ECF system.

/s/ Christopher A. Duggan
Christopher A. Duggan (BBO No. 544150)